**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al., | No. CV-21-01417-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

Defendants move for a stay of the Court's September 28, 2021 preliminary injunction order (Doc. 52), but only to the extent it preliminarily enjoins § 2 of the Act. (Doc. 57.)

A stay pending appeal is not a right, it is a case-by-case exercise of judicial discretion guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The first two are the most critical. *Id.* at 434. Regarding the first factor, a movant need only show that there is a substantial case for relief on appeal. *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). As for the second, the movant must show more than some possibility of irreparable injury; it must establish that there is a probability of irreparable injury if a stay is not granted. *Id.* at

1214.

Even assuming Defendants can make out a substantial case for relief on the merits of their appeal, a stay pending appeal is unwarranted because Defendants have not established a probability of irreparable injury in the absence of a stay, and a stay likely would substantially injure other parties interested in the proceeding. Defendants argue that they will be irreparably harmed absent a stay because the Court's preliminary injunction order will preclude Arizona from carrying out the laws passed by its democratic process. (Doc. 57 at 13); *but see Marbury v Madison*, 5 U.S. 137 (1803) (establishing principle of judicial review, which necessarily authorizes courts to preclude the enforcement of laws enacted through the democratic process when courts determine that those laws violate the Constitution). Defendants further argue that "Plaintiffs and their patients, by contrast, will suffer no irreparable harm in the absence of preliminary relief. As the Court concluded, the Reason Regulation will not prohibit any woman from obtaining an abortion. And Plaintiffs cannot manufacture harm to their patients by refusing to provide abortions based on speculative and unreasonable fears about the potential reach of the law." (Doc. 64 at 8.) Defendants' argument overstates the injury to Arizona and minimizes the harms to Plaintiffs and their patients by misconstruing the Court's preliminary injunction order.

Beginning with the harm to Arizona, even though "a state may suffer an abstract form of harm whenever one of its acts is enjoined," that "is not dispositive of the balance of harms analysis. If it were, then the rule requiring balance of competing claims of injury would be eviscerated." *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 658 (9th Cir. 2009) (internal quotation and citation omitted), *vacated and remanded on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606 (2012); *Latta v. Otter*, 771 F.3d 496, 500 n.1 (9th Cir. 2014) ("Individual justices, in orders issued from chambers, have expressed the view that a state suffers irreparable injury when one of its laws is enjoined. No opinion for the Court adopts this view." (internal citations omitted)). Indeed, this Court has previously explained that

"[a]lthough a state suffers a form of irreparable injury whenever it is enjoined from implementing its laws, that injury alone does not support a stay when balanced against the harms a stay would impose on others." *Arizona Democratic Party v. Hobbs*, No. 20-01143-PHX-DLR, 2020 WL 6555219, at *1 (D. Ariz. Sept. 18, 2020) (internal citation omitted).

Such is the case here. Defendants argue otherwise only because they misread the Court's order. Although the Court found that the plain language of § 2 did not outright ban pre-viability abortions because of a fetal genetic abnormality, the Court nonetheless found that enforcement of the Reason Regulations likely would make it substantially more difficult for women seeking to terminate their pre-viability pregnancies because of a genetic fetal abnormality to receive constitutionally protected care. The Court also found Plaintiffs' fears about the potential reach of the law to be reasonable and supported by the evidence, the plain language of the law, and common sense. Under these circumstances, Defendants' abstract injury is outweighed by the real-world harms a stay would visit upon the provider Plaintiffs and their patients.[1]

**IT IS ORDERED** that Defendants' motion for a stay pending appeal (Doc. 57) is **DENIED**.

Dated this 18th day of October, 2021.

Douglas L. Rayes
United States District Judge

---

[1] Moreover, Defendants' argument about the harms to a state whenever it is enjoined from enforcing a democratically enacted law is undermined by their decision to appeal only a portion of the Court's preliminary injunction order—evidently this harm is tolerable as it pertains to the other enjoined portions of the Act.

- 3 -