**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Brunn (Beau) W. Roysden III (No. 28698)
Michael S. Catlett (No. 25238)
Kate B. Sawyer (No. 34264)
Katlyn J. Divis (No. 35583)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Telephone: (602) 542-3333
Michael.Catlett@azag.gov

*Attorneys for Defendant Mark Brnovich in his official capacity as Arizona Attorney General*

[Additional counsel and emails listed on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Mark Brnovich, Attorney General of Arizona, in his official capacity, et al., <br><br> Defendants. | Case No. 2:21-cv-01417-DLR <br><br> **STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY DEFENDANTS' MOTION TO DISMISS** |

## BACKGROUND

Plaintiffs brought challenges to Sections 1, 2, 10, 11, and 13 of recently enacted S.B. 1457. Doc. 1; *see also* 2021 Ariz. Leg. Serv. Ch. 286. As to Section 1, Plaintiffs allege (in Count V) that the provision is unconstitutionally vague. Doc. 1 at 31. Plaintiffs

asked this Court to preliminarily enjoin all five sections. Doc. 10. While the Court preliminarily enjoined Sections 2, 10, 11, and 13 (collectively, the "Reason Regulations"), the Court declined to enjoin Section 1 (the "Interpretation Policy"). Doc. 52 at 30. The Court declined to enjoin the Interpretation Policy because Plaintiffs did not show a likelihood of success on the merits of their vagueness claim. The Court correctly acknowledged in its order that "[a]n order on a preliminary injunction motion reflects a court's best predictive judgment—often reached under tight time constraints and with imperfect or incomplete information—of the probability that a plaintiff ultimately will prevail on the merits. Even when a court grants a preliminary injunction, it remains possible that new facts or an intervening change or clarification of law might lead to a different result later on." Doc. 52 at 5.

State Defendants have appealed the Court's decision to enjoin the Reason Regulations. Doc. 56. Plaintiffs cross-appealed the Court's decision not to enjoin the Interpretation Policy. Doc. 65. The appeal and cross-appeal are pending before the Ninth Circuit. The first of four scheduled briefs in the appeal will be filed on November 15th, with briefing currently scheduled to be completed in February 2022.

On October 19, 2021, State Defendants filed a motion to dismiss Count V. Doc. 68. Plaintiffs now request a stay of all briefing and proceedings concerning the motion to dismiss until the Ninth Circuit resolves their cross-appeal. Doc. 73.

Plaintiffs' primary argument is that the proceedings should be stayed because they concern the "exact same issues" as the proceedings before the Ninth Circuit. Doc. 73 at 2. But that is incorrect. The Ninth Circuit's conclusion on whether the Court erred in declining to preliminarily enjoin Section 1 is not the "exact same" issue as whether Count V should be dismissed. The Ninth Circuit's opinion will not dispose of Plaintiffs' claim. Plaintiffs have not alleged any meaningful harm if the Court moves forward with considering State Defendants' motion to dismiss. And the logic of Plaintiffs' motion would mean that district court proceedings are stayed whenever a motion for preliminary injunction is disposed of and then appealed. Briefing and decision on the State Defendants'

motion to dismiss should proceed, and because Plaintiffs' vagueness challenge to the Interpretation Policy is not justiciable, the Court should dismiss it. In no event should the resolution of the motion to dismiss be postponed an indeterminate number of months until the Ninth Circuit decides Plaintiffs' cross-appeal.

## ARGUMENT

### I. A Stay Of Proceedings Is Not Warranted.

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433.

Plaintiffs assert that this motion is governed by the standard articulated in *Landis v. North American Co.*, 299 U.S. 248 (1936). But courts throughout the Ninth Circuit have also considered similar motions under the *Nken/Hilton* standard. *See Kuang v. United States Dep't of Def.*, No. 18-CV-03698, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019) ("It appears that the Ninth Circuit has not addressed which test applies here. Indeed, district courts in this circuit have catalogued a divide 'regarding the appropriate standard by which a district court is to exercise its discretion in whether to grant a stay pending an interlocutory appeal.'"). Regardless of which test is used, a stay is not warranted here.

#### A. Plaintiffs' Motion Fails Under *Landis*.

Under the *Landis* test, the court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiffs have not shown that they will suffer *any* hardship or inequity if the Court decides State Defendants' motion to dismiss. The only alleged hardship Plaintiffs identify is losing out on the possible "benefit of the Ninth Circuit's guidance." Doc. 73 at 3. It is

2

always the case that the appeal of a trial court decision, including the decision to grant or deny a preliminary injunction, may result in additional guidance from an appellate court. But it cannot be the case that an interlocutory appeal brings additional legal proceedings in the trial court to a halt.  This is particularly true when the decision at issue is discrete in nature, and in no way case dispositive, and occurs at the outset of litigation.  If the Ninth Circuit disagrees with the Court's conclusion and provides guidance about why, the Court can determine if and how to incorporate that guidance before final judgment is entered.

State Defendants, on the other hand, will be harmed if the Court indefinitely holds the motion to dismiss, as Plaintiffs request.  The pending appeal will not be resolved for several months, quite possibly longer.  While the cross-appeal raises one discrete issue for the Ninth Circuit, the initial appeal contains complex issues which circuits across the country are grappling with.  Even the Supreme Court has been asked to consider issues similar to those in the State Defendants' appeal.  *See* Petition for Writ of Certiorari, *Rutledge v. Little Rock Family Planning Servs.*, No. 20-1434 (U.S. Apr. 9, 2021).  So it is not likely that the Ninth Circuit's decision will be hasty.  If Count V is not properly before this Court, State Defendants should be allowed to proceed to a disposition of that claim without having to wait for an unspecified number of months and without having to engage in any discovery as to the merits of the claim.  If there is "even a fair possibility" of harm to the State Defendants, Plaintiffs are required to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  They have not done so here.

Plaintiffs also argues that staying the proceedings will "conserve the Court's and the parties' resources and eliminate the risk of inconsistent rulings." Doc. 73 at 3.  They argue that the "exact same issue[]" is before both courts. Doc. 73 at 2.  But that is incorrect. The only matter before the Ninth Circuit in the cross-appeal is whether this Court erred in denying Plaintiffs' motion for preliminary injunction. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014).  As the Court knows, the standard for deciding a preliminary injunction and the standard for deciding whether this court should dismiss the claim are

3

distinct and different. While the arguments made in the Ninth Circuit and the analysis by that court may touch upon issues raised in the pending motion to dismiss, the Ninth Circuit's opinion will not dispose of Plaintiffs' claim, nor will it affirmatively direct this Court on how to rule on the motion to dismiss.

None of the cases Plaintiffs cite further their arguments. Plaintiffs cite *Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, No. 3:13-CV-05654, 2013 WL 5913266 (W.D. Wash. Nov. 4, 2013), arguing that the Western District of Washington stayed proceedings "pending interlocutory appeals of jurisdictional issues," citing the court's statements about inefficiency and waste of resources. Doc. 73 at 4. But the procedural posture of that case was important to that court's conclusion. The court there denied a motion to dismiss, which was then certified for interlocutory appeal. The court specifically noted that a stay of proceedings was appropriate "because reversal of the court's order [denying a motion to dismiss on jurisdictional grounds] would terminate the action and prevent Wellons from litigating its claims in" that court. *Wellons, Inc.*, 2013 WL 5913266, at *2.[1] That is not true here. Even if the Ninth Circuit reverses this Court's denial of a preliminary injunction, the claim will still move forward in the district court.

Plaintiffs also cite *SolarCity Corp. v. Salt River Project Agricultural Improvement and Power District*, No. CV-15-00374-PHX-DLR, 2016 WL 5109887 (D. Ariz. Sept. 20, 2016).[2] There, this Court noted that resources would be saved if proceedings were stayed, but the holding that a stay was warranted was based primarily on the court's conclusion that it was divested of jurisdiction to continue proceedings for the matters on appeal. Moreover, the stay occurred on the eve of trial because the affirmative defense on appeal, if found applicable, would terminate the case, thereby risking that a trial would expend judicial resources with no benefit.[3] None of those circumstances exist here.

---

[1] Plaintiffs also cite to *Asis Internet Services v. Active Response Group*, No. 07-CV-06211, 2008 WL 4279695, at *4 (N.D. Cal. Sept. 16, 2008), for the same proposition. But that citation is also misplaced, as that case too considers an appeal from a motion to dismiss.

[2] Also, like *Wellon* and *Active Response Group*, the appeal in *SolarCity* concerned a ruling on a motion to dismiss, not on a preliminary injunction.

[3] The other cases Plaintiffs cite each deal with a situation where the Supreme Court, in a

**B. Plaintiffs' Motion Also Fails Under *Nken/Hilton*.**

Under the *Nken/Hilton* standard, the Court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

Plaintiffs also cannot show that a stay is warranted under this standard. As already explained, Plaintiffs will suffer no harm absent a stay, while State Defendants will be forced to long-await a resolution of a claim that could be dismissed and be subjected to discovery on a non-justiciable claim. Plaintiffs have also not made a strong showing that they will likely succeed on the merits of their appeal. In its order denying Plaintiffs' request to enjoin the Interpretation Policy, the Court identified serious flaws with Plaintiffs' claim, and Plaintiffs will not likely be able to establish that the Court erred in partially denying their motion for preliminary injunction based on binding U.S. Supreme Court precedent. Similarly, the public interest would be served by the "'expedient resolution'" of at least part of this case. *See Fraihat v. U.S. Immigr. & Customs Enf't*, No. 19-CV-1546, 2020 WL 6540441, at *4 (C.D. Cal. Oct. 30, 2020).

**CONCLUSION**

Under either the *Landis* standard or the *Nken/Hilton* standard, Plaintiffs have failed to show that this Court should grant a stay of proceedings pertaining to the State Defendants' Motion to Dismiss. The State Defendants respectfully request that the Court deny Plaintiffs' Motion to Stay Defendants' Motion to Dismiss.

---

separate case, was considering an issue central to the case that was then stayed. That is also nothing like the situation here.

RESPECTFULLY SUBMITTED this 12th day of November, 2021.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By <u>/s/ *Michael S. Catlett*</u>
Brunn W. Roysden III (No. 28698)
Michael S. Catlett (No. 25238)
Kate B. Sawyer (No. 34264)
Katlyn J. Divis (No. 35583)
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-3333
Fax: (602) 542-8308
Beau.Roysden@azag.gov
Michael.Catlett@azag.gov
Kate.Sawyer@azag.gov
Katlyn.Divis@azag.gov

*Attorneys for Defendant Mark Brnovich in his official capacity as Arizona Attorney General*

**MARK BRNOVICH**
**ATTORNEY GENERAL**

Kevin Ray (No. 007485)
Aubrey Joy Corcoran (No. 025423)
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-8328
Fax: (602) 364-0700
Kevin.Ray@azag.gov
AubreyJoy.Corcoran@azag.gov
EducationHealth@azag.gov

*Attorneys for Defendants Arizona Department of Health Services and Don Herrington in his official capacity as Interim the Director of the Arizona Department of Health Services*

**MARK BRNOVICH**
**ATTORNEY GENERAL**

Mary D. Williams (No. 013201)
Carrie H. Smith (No. 022701)
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-7992
Fax: (602) 364-3202
MaryD.Williams@azag.gov

*Attorneys for Defendants Arizona Medical Board and Patricia McSorley in her official capacity as Executive Director of the Arizona Medical Board*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all parties are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

/s/ *Michael S. Catlett*