WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al., | No. CV-21-01417-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

Before the Court is Sharing Down Syndrome Arizona's Motion to Intervene as Defendant. (Doc. 62.) Plaintiffs oppose the motion (Doc. 72); Defendants do not (Doc. 71). As explained below, the Court denies the motion.

**I.  Intervention as of Right**

Under Federal Rule of Civil Procedure 24(a), the Court must allow a proposed intervenor to intervene if four requirements are met:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). When determining whether a proposed intervenor's interests are adequately represented by existing parties, the Court considers:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* at 1086. "The most important factor . . . is how the interest compares with the interests of existing parties." *Id.* When the proposed intervenor shares "the same ultimate objective" as an existing party, "a presumption of adequacy of representation arises." *Id.* Under such circumstances, the proposed intervenor must offer a compelling reason why existing representation is inadequate. *Id.*

Defendants and Sharing Down Syndrome share the same ultimate objective—the preservation of the Reason Regulations and the Interpretation Policy. A presumption of adequate representation therefore arises, and Sharing Down Syndrome must offer a compelling reason why its interests are not adequately represented by Defendants. Sharing Down Syndrome raises three arguments.

First, Sharing Down Syndrome argues that its interests are narrower than Defendants' and therefore might not be adequately represented. (Doc. 62 at 18.) By narrower, the Court understands Sharing Down Syndrome to mean that its interests relate specifically to individuals with Down Syndrome and their families, whereas Defendants interests relate to all individuals born with genetic abnormalities, as well as to more general concerns about defending enactments of the Arizona legislature. But Defendants have chosen to emphasize concerns about Down-Syndrome-selective abortions and, in doing so, have made substantially the same arguments as those alluded to in Sharing Down Syndrome's motion to intervene. (*Compare* Doc. 46 at 3-7, 23-24, *with* Doc. 62 at 5-6, 14-16.) Although Defendants have broader interests in preserving the Reason Regulations and the Interpretation Policy, Defendants nonetheless will adequately represent Sharing Down Syndrome's narrower interest, which is subsumed within Defendants' broader interests and has been specially highlighted by Defendants in the course of their defense.

Second, Sharing Down Syndrome argues that it "can provide evidence of the significant impact [the Reason Regulations] and related provisions can and likely will have on individuals with Down syndrome and their families," that "[t]his information is critical to allow the Court to fully assess the benefits of the [Reason Regulations]," and that Defendants do "not have access to this information in the way that Sharing Down Syndrome does." (Doc. 62 at 18-19.)  But if Sharing Down Syndrome's concern is that Defendants do not presently have access to relevant information Sharing Down Syndrome possesses, then its concern can be remedied without intervention; Sharing Down Syndrome can simply give Defendants access to the information it believes is relevant.  If this information is as critical as Sharing Down Syndrome suggests, there is no reason to believe Defendants would ignore it, especially when Defendants throughout this case have highlighted their particular concerns about Down-Syndrome-selective abortions and emphasized the impact they believe the challenged laws will have on people with Down Syndrome.

Lastly, Sharing Down Syndrome suggests that Defendants might not adequately represent its interests because it is possible that Defendants could change or adjust their policy or position during the course of the litigation. (Doc. 62 at 17-18.)  This concern is too speculative to rebut the presumption of adequate representation.  Defendants thus far have zealously defended the challenged provisions, including by opposing Plaintiffs' motion for a preliminary injunction, appealing this Court's preliminary injunction order, seeking a stay of that order from both this Court and the Ninth Circuit, and moving to dismiss some of Plaintiffs' claims.  There is no reason to believe Defendants suddenly will change course.

For these reasons, Sharing Down Syndrome is not entitled to intervene as of right because its interests are adequately represented by Defendants.

## II. Permissive Intervention

If a proposed intervenor does not meet the requirements for intervention as of right, the Court nonetheless may permit intervention if the proposed intervenor "has a claim or

defense that shares with the main action a common question of law or fact," and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). If these initial elements are met, the Court may, but is not required to, grant intervention. The Court's "discretion in this regard is broad," and may be guided by factors such as:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Sharing Down Syndrome satisfies the threshold elements for permissive intervention: it has a defense that shares with the main action a common question of law or fact, and its intervention in this matter will not unduly delay or prejudice the adjudication of the original parties' rights. But, after considering the discretionary *Spangler* factors, the Court finds permissive intervention is unwarranted.

For reasons already discussed, Sharing Down Syndrome's interests are adequately represented by Defendants, and it is unlikely that Sharing Down Syndrome would advance legal arguments in support of the challenged laws that Defendants would neglect to make. Although Sharing Down Syndrome strongly supports the challenged laws and believes it has information relevant to the benefits those laws are said to confer, nothing prevents Sharing Down Syndrome from volunteering that information to Defendants. And because Sharing Down Syndrome and Defendants share the same ultimate objective and are advancing substantially similar Down-Syndrome-centric arguments, there is no reason to believe Defendants would ignore critical evidence. Intervention therefore is unlikely to significantly contribute to the full factual development of the underlying issues and, instead, likely will result in unnecessary duplication of efforts. Accordingly,

1     **IT IS ORDERED** that Sharing Down Syndrome's motion to intervene (Doc. 62) is **DENIED**.

Dated this 19th day of November, 2021.

                                             Douglas L. Rayes
                                             United States District Judge