WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al., | No. CV-21-01417-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

Plaintiff filed this lawsuit to challenge the constitutionality of two aspects of Arizona's Senate Bill 1457, which the Court has referred to as the "Reason Regulations" and the "Interpretation Policy." Plaintiffs moved to preliminarily enjoin enforcement of the Reason Regulations and the Interpretation Policy; the Court granted their motion as to the former and denied it as to the latter. Relying on *Webster v. Reproductive Health Services*, 492 U.S. 490 (1989), the Court found that Plaintiffs are unlikely to succeed on their facial vagueness challenge to the Interpretation Policy because that claim is not ripe for consideration. Plaintiffs have since appealed the portion of the Court's order denying relief as to the Interpretation Policy. Plaintiffs maintain that the Interpretation Policy is materially different from the law at issue in *Webster* and thus *Webster* does not control.

After Plaintiffs noticed their appeal, Defendants moved to dismiss the challenge to the Interpretation Policy, which sits at Count V of the complaint. (Doc. 68.) Defendants argue that Plaintiffs' challenge to the Interpretation Policy is not ripe under *Webster*, and

therefore the Court should dismiss Count V for the same reasons it denied preliminary injunctive relief on that claim.

Plaintiffs have moved to stay briefing and consideration of Defendants' motion to dismiss pending resolution of their interlocutory appeal. (Doc. 73.) "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When deciding whether to stay proceedings, the Court considers factors such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55); *see also Kuang v. United States Dept. of Defense*, No. 18-cv-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (observing, based on a survey of case law, that "the *Landis* test or something similar" governs motions to stay proceedings pending resolution of an interlocutory appeal).

The Court finds a stay of proceedings related to Defendants' motion to dismiss is appropriate. Defendants' ask the Court to dismiss Count V of the complaint as unripe under *Webster*. Plaintiffs' interlocutory appeal asks the Ninth Circuit to find that *Webster* does not control. Thus, Defendants' motion to dismiss and Plaintiffs' interlocutory appeal pose the same fundamental question (albeit in different procedural postures): does *Webster* foreclose Plaintiffs' facial challenge to the Interpretation Policy? "It would be an inefficient use of judicial resources for both this Court and the Ninth Circuit to consider the same issues simultaneously with the looming risk of inconsistent rulings." *SolarCity Corp. v. Salt River Project Agricultural Improvement and Power District*, No. CV-15-00374-PHX-DLR, 2016 WL 5109887, at *2 (D. Ariz. Sept. 20, 2016). This is especially true when the Ninth Circuit's decision could materially impact the Court's assessment of Plaintiffs' claim. *See Head v. Citigroup Inc.*, No. CV-18-08189-PCT-DLR, 2020 WL

6198950, at *1 (D. Ariz. Sept. 22, 2020).

Defendants counter that they would be prejudiced by a stay because they will have to proceed with litigation of Count V despite a fair probability that it is unripe. (Doc. 79 at 4.) But Count V is a facial vagueness challenge, which is unlikely to require significant fact discovery. A facial vagueness challenge, by nature, is more of a legal dispute than a factual one. Though a stay will delay consideration of Defendants' legal arguments, that delay will be more of an inconvenience than meaningful prejudice. For these reasons,

**IT IS ORDERED** that Plaintiffs' motion to stay briefing and consideration of Defendants' motion to dismiss (Doc. 73) is **GRANTED**. The Court will hold Defendants' motion to dismiss (Doc. 68) in abeyance pending resolution of Plaintiffs' interlocutory appeal.

Dated this 22nd day of November, 2021.

Douglas L. Rayes
United States District Judge