1   Jessica Leah Sklarsky, *pro hac vice*
2   Gail Deady, *pro hac vice*
    Catherine Coquillette, *pro hac vice*
3   Center For Reproductive Rights
    199 Water Street
4   New York, NY 10038
5   Telephone: (917) 637-3600
    jsklarsky@reprorights.org
6   gdeady@reprorights.org
7   ccoquillette@reprorights.org
    *Counsel for Paul A. Isaacson, M.D.,*
8   *National Council of Jewish Women*
    *(Arizona Section), Inc., and Arizona*
9   *National Organization for Women*
10
    Victoria Lopez (330042)
11  American Civil Liberties Union
12      Foundation of Arizona
    3707 North 7th Street, Suite 235
13  Phoenix, Arizona 85014
    Telephone: (602) 650-1854
14  vlopez@acluaz.org
15  *Counsel for Plaintiffs*
16  COUNSEL CONTINUED ON NEXT
    PAGE
17
18           **IN THE UNITED STATES DISTRICT COURT**
19              **FOR THE DISTRICT OF ARIZONA**
20  Paul A. Isaacson, M.D., on behalf of
    himself and his patients, et al.,
21                                            Case No. 2:21-CV-1417-DLR
22              Plaintiffs,
                                              **JOINT CASE MANAGEMENT**
23       v.                                   **REPORT**
24  Mark Brnovich, Attorney General of
    Arizona, in his official capacity; et al.,
25
                Defendants.
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jen Samantha D. Rasay, *pro hac vice*
Center For Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC 20006
Telephone: (202) 628-0286
jrasay@reprorights.org
*Counsel for Paul A. Isaacson, M.D.,*
*National Council of Jewish Women*
*(Arizona Section), Inc., and Arizona*
*National Organization for Women*

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
*Counsel for Eric M. Reuss, M.D., M.P.H.,*
*and Arizona Medical Association*

MARK BRNOVICH
ATTORNEY GENERAL
Brunn W. Roysden III (No. 28698)
Michael S. Catlett (No. 25238)
Kate B. Sawyer (No. 34264)
Katlyn J. Divis (No. 35583)
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-3333
Fax: (602) 542-8308
Beau.Roysden@azag.gov
Michael.Catlett@azag.gov
Kate.Sawyer@azag.gov
Katlyn.Divis@azag.gov
*Counsel for Defendant Mark Brnovich in*
*his official capacity as Arizona Attorney*
*General*

1

2   MARK BRNOVICH
    ATTORNEY GENERAL
3   Kevin Ray (No. 007485)
    Aubrey Joy Corcoran (No. 025423)
4   Office of the Arizona Attorney General
    2005 N. Central Ave.
5   Phoenix, AZ 85004
    Telephone: (602) 542-8328
6   Fax: (602) 364-0700
    Kevin.Ray@azag.gov
7   AubreyJoy.Corcoran@azag.gov
8   *Counsel for Defendants Arizona*
    *Department of Health Services and Don*
9   *Herrington in his official capacity as*
    *Interim Director of the Arizona*
10  *Department of Health Services*

11

12  MARK BRNOVICH
    ATTORNEY GENERAL
13  Mary D. Williams (No. 013201)
    Carrie H. Smith (No. 022701)
14  Office of the Arizona Attorney General
    2005 N. Central Ave.
15  Phoenix, AZ 85004
    Telephone: (602) 542-7992
16  Fax: (602) 364-3202
17  MaryD.Williams@azag.gov
    *Counsel for Defendants Arizona Medical*
18  *Board and Patricia McSorley in her*
    *official capacity as Executive Director of*
19  *the Arizona Medical Board*
20

21

22

23

24

25

26

27

28

Pursuant to this Court's October 4, 2021 Order Setting Rule 16 scheduling Conference (ECF No. 54), this Court's November 15, 2021 Order Vacating and Rescheduling the Rule 16 Scheduling Conference (ECF No. 81), this Court's February 11, 2021 Order Vacating and Rescheduling the Rule 16 Scheduling Conference (ECF No. 93), and Rule 26(f) of the Federal Rules of Civil Procedure, the parties' counsel conferred on February 10, 2022 and respectfully submit this Joint Case Management Report for the Court's consideration at the Case Management Conference on February 24, 2022 at 1:45 p.m.

**1.     The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report.**

Jessica Sklarsky, Gail Deady, Cici Coquillette, Alexa Kolbi-Molinas, and Victoria Lopez for Plaintiffs.  Michael Catlett, Kate Sawyer, and Katlyn Divis for Defendants.[1]

**2.     Short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

***Plaintiffs' Statement:***

This case challenges S.B. 1457, 55th Leg., 1st Reg. Sess. (Ariz. 2021). Plaintiffs challenge two sweeping aspects of this law on behalf of themselves, their patients, and their members: (1) the "Reason Scheme," and (2) the "Interpretation Policy." Plaintiffs are individual physicians, the largest physicians' association in Arizona, and two organizations that support and educate Arizonans regarding their reproductive rights.

The Reason Scheme encompasses several provisions of S.B. 1457 which collectively criminalize the provision of abortions if the provider has some uncertain level of knowledge that the patient's decision is to some uncertain degree motivated by a "genetic abnormality." It prohibits "[p]erform[ing] an abortion knowing that the abortion

---

[1] Pursuant to this Court's August 23, 2021 Order (ECF No. 36), Defendant Mark Brnovich is designated as the single representative on behalf of Defendants Brnovich, Arizona Department of Health Services ("ADHS"), ADHS Interim Director Don Herrington, Arizona Medical Board ("AMB"), and AMB Executive Director Patricia McSorley.

is sought solely because of a genetic abnormality of the child[.]" A.R.S. § 13-3603.02(A)(2). It requires the provider to execute an affidavit swearing "no knowledge that the" abortion is sought "because of a genetic abnormality" A.R.S. § 36-2157(1)-(2), and to report fetal genetic conditions to the State, A.R.S. § 36-2161(A)(25), A.R.S. § 36-2161(D). It prohibits, *inter alia*, "accept[ing] monies to finance . . . an abortion because of a genetic abnormality of the child," A.R.S. 13-3603.02(B)(2), and requires all physicians, nurses, counselors, or other medical or mental health professionals to report known violations. A.R.S. § 13-3603.02(E). Violations carry criminal, civil, and licensing penalties. A.R.S. §§ 13-3603.02(A)(2), (B)(2), (D), and (E), § 13-702(D), §§ 32-1401(27), -1403(A)(2), -1451(A), -1403(A)(5), -1403.01(A), -1451(D-E), (I), and (K).

Plaintiffs bring five causes of action to the Reason Scheme: Count I, violation of substantive due process by restricting previability abortions; Count II, violation of substantive due process by prohibiting physicians using appropriate medical judgment from providing abortion in each circumstance in which it is necessary to preserve a pregnant person's life or health; Count III, unconstitutional vagueness, because the Reason Scheme lacks adequate notice about what fetal conditions fall within the scope of its prohibition, or what it means to "know[]" or have "any knowledge" that an abortion is sought "because of" or "solely because of" a "genetic abnormality," and invites arbitrary enforcement; Count IV, imposition of an unconstitutional condition by forcing patients to either cede their Fourteenth Amendment right to previability abortion in order to exercise their First Amendment rights, or vice versa; and Count VI, violation of the First Amendment by limiting medical professionals' speech.

The Interpretation Policy alters the entire statutory code to require that Arizona statutes be "interpreted and construed to acknowledge" that all fertilized eggs, embryos, and fetuses have the same "rights, privileges and immunities available to other persons[.]" A.R.S. § 1-219(A), incorporating A.R.S. § 36-2151(16). Accordingly, it amends the meaning of numerous statutes addressing harm to "persons" or "children"—*e.g.*, A.R.S. § 13-1203 (assault); § 13-3623 (child abuse)—making it impossible for Plaintiffs to

identify whether a vast array of actions (including, but not limited to, health care decisions and treatment for patients who are, or could become, pregnant) puts them at risk of criminal penalties, civil liability, heightened legal duties, or other consequences. Plaintiffs bring one cause of action to the Interpretation Policy (Count V) for unconstitutional vagueness.

***Defendants' Statement:***

On August 17, 2021, Plaintiffs brought this action seeking injunctive and declaratory relief against five sections of recently enacted S.B. 1457 (the "Act"). Specifically, Plaintiffs challenge §§ 2, 10, 11, and 13 of the Act (collectively the "Reason Regulations"), as well as § 1 of the Act (the "Interpretation Policy").[2]

Section 2 adds a provision prohibiting a person from performing an abortion if that person knows "that the abortion is sought solely because of a genetic abnormality of the child," unless the procedure would fall into one of two listed exceptions. The Act implements Section 2 by amending several related statutes, specifically Arizona's affidavit, informed consent, and abortion reporting requirements. The Act also adds a new statute in Section 1 which establishes a general policy for the State that its laws be "interpreted and construed to acknowledge, on behalf of an unborn child at every stage of development, all rights, privileges and immunities available to other persons, citizens and residents of this state."

Plaintiffs allege that the Reason Regulations violate substantive due process, are unconstitutionally vague, impose an unconstitutional condition on Plaintiff physicians' patients, and violate Plaintiff physicians' free speech rights. Plaintiffs further allege that the Interpretation Policy is unconstitutionally vague.

While Defendants reserve the right to further develop their arguments and defenses as this litigation progresses, Defendants argue that the Reason Regulations are constitutional because neither *Roe* nor *Casey* requires the heightened scrutiny that Plaintiffs contend applies here.  And even if *Roe* and *Casey* did apply here, the Reason Regulations

---

[2]   In this document, Defendants refer to the Act's provisions using the terms adopted by the Court in its preliminary injunction Order (ECF No. 52).

do not violate substantive due process. As to Plaintiffs' unconstitutional conditions claim, this claim fails because the Reason Regulations are not even subject to the unconstitutional conditions doctrine. And Plaintiffs vagueness challenge to the Reason Regulations also fails because not only are the Reason Regulations not vague, but Plaintiffs' claim is not ripe for adjudication. Similarly, Plaintiffs' challenge to the Interpretation Policy is not ripe and fails under *Webster v. Reproductive Health Services*, 492 U.S. 490 (1989).

On September 28, 2021, the Court preliminarily enjoined enforcement of the Reason Regulations but refused to preliminarily enjoin the Interpretation Policy. Defendants appealed the Court's decision to enter a preliminary injunction as to the Reason Regulations and Plaintiffs cross-appealed the Court's decision to deny a preliminary injunction as to the Interpretation Policy. That appeal is now fully briefed and pending decision of the Ninth Circuit. Defendants also sought interim relief from the preliminary injunction pending appeal, including from the U.S. Supreme Court. Defendants' Partial Application for Stay, which is fully briefed, remains pending before the U.S. Supreme Court. Defendants have also filed a motion to dismiss Count V under Federal Rule of Civil Procedure 12(b)(1), (ECF No. 68), which this Court stayed on November 22, 2021 (ECF No. 84).

**3.     A description of the principal factual and legal disputes in the case.**

*Plaintiffs' Description:*

- Whether the Reason Scheme violates substantive due process by prohibiting previability abortion.

- Whether the Reason Scheme violates substantive due process by prohibiting physicians using appropriate medical judgment from providing an abortion in each circumstance in which it is necessary to preserve a pregnant person's life or health.

- Whether the Reason Scheme operates as an unconstitutional condition on the Plaintiffs' patients' rights to previability abortion and free speech.

- Whether the Reason Scheme violates the First Amendment by limiting

medical professionals', including Plaintiffs' and Plaintiffs' members', speech.

- Whether the Reason Scheme is unconstitutionally vague.
- Whether Plaintiffs' facial vagueness challenge to the Interpretation Policy is justiciable.
- Whether the Interpretation Policy is unconstitutionally vague.

**Defendants' Description:**

- Whether Plaintiffs have standing to bring the claims they assert in their Complaint.
- Whether the Reason Regulations are subject to heightened judicial review under *Roe* and *Casey*.
- Whether the Reason Regulations ban previability abortions in violation of substantive due process.
- Whether the Reason Regulations' medical emergency exception is insufficient under substantive due process.
- Whether the Reason Regulations are unconstitutionally vague.
- Whether the Reason Regulations are subject to the unconstitutional conditions doctrine.
- Whether the Reason Regulations violate Plaintiffs' First Amendment Free Speech rights.
- Whether Plaintiffs' facial vagueness challenge to the Interpretation Policy is justiciable.

4. **The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes.**

This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

**5.      Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served. Defendants have not yet answered the Complaint.[3]  On October 19, 2021, Defendants filed a Motion to Dismiss Count V of the Complaint. (ECF No. 68.) Defendants' filing of a partial Motion to Dismiss tolls the time to respond to the remainder of the Complaint, and therefore they have not yet filed their Answer. Fed. R. Civ. P. 12(a)(4)(A).  On November 22, 2021, the Court granted Plaintiffs' Motion to Stay the Motion to Dismiss pending the Ninth Circuit's decision on the parties' cross-appeals of the Court's Order on the Motion for Preliminary Injunction. (ECF No. 84.)

**6.      A statement of whether any party expects to add additional parties to the case or to otherwise amend pleadings.**

The parties do not anticipate adding parties at this time. However, Plaintiffs may seek to amend the pleadings following the Ninth Circuit's decision on the parties' cross-appeals of the Court's Order on the Motion for Preliminary Injunction, this Court's decision on Defendants' Motion to Dismiss, the filing of Defendants' Answer pursuant to Fed. R. Civ. P. 12(a)(4)(A), and/or the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, No. 19-1392 (U.S.), which may affect the legal claims in this case.

**7.      A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705).**

Though it is too early to fully determine, the parties anticipate filing cross-motions for partial summary judgment or summary judgment on each claim in the Complaint. Similarly, though it is too early to fully determine, motions under Federal Rules of Evidence 702-705 may be filed, as both parties anticipate disclosing and relying upon expert testimony.

---

[3] This Court has classified the fifteen County Attorney Defendants as nominal parties in this action. (ECF No. 36). They are "excused from answering the complaint[.]" *Id.* at 2.

**8.** **Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial.**

The parties do not believe that the case is suitable for reference to arbitration or for trial with a United States Magistrate Judge.

**9.** **The status of related cases pending before other courts or other judges of this Court.**

There are no related cases involving the same or similar claims as well as a party to this case.

**10.** **A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures.**

The parties exchanged Rule 26(a) initial disclosures on February 4, 2022.

**11.** **A discussion of necessary discovery, including:**

**a.** **The extent, nature, and location of discovery anticipated by the parties.**

The parties anticipate that the decision(s) by the Ninth Circuit on the pending cross-appeals, this Court's decision on Defendants' partial motion to dismiss, the Defendants' Answer, and/or the Supreme Court's decisions in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392 (U.S.), *Rutledge v. Little Rock Family Planning Services*, No. 20-1434 (U.S.), and on Defendants' Application for Partial Stay, No. 21A222 (U.S.), in this case may alter the need for and scope of this discovery.

The parties anticipate conducting discovery on all issues identified in Section 3, above. The parties anticipate that virtually all fact discovery will take place within Arizona, but that expert discovery could take place out of state/throughout the United States.

The parties agree that all discovery will be exchanged via e-mail, flash drives, or other secure transfer protocols (e.g., FTP) or similar secure electronic transmission. The parties do not anticipate any significant issues associated with the disclosure of, or discovery of, electronically stored information. The parties agree that to the extent possible, such information shall be disclosed in its native format, with available metadata intact. Should any such issues arise, the parties will work in good faith to prepare and submit a

proposed order regulating the disclosure of such information.

The parties anticipate that a protective order will need to be entered prior to the exchange of confidential documents. The parties will meet and confer regarding its contents and file their proposal with the Court.

**b.     Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

The parties agree the number of depositions and interrogatories shall be limited as stated in Rules 30(a), 31(a), and 33(a)(1) of the Federal Rules of Civil Procedure. The parties propose that each side be limited to propounding up to 40 requests for production of documents, including subparts, and up to 40 requests for admission, including subparts.

**c.     The number of hours permitted for each deposition, unless extended by agreement of the parties.**

Depositions shall be limited to seven hours as provided in Rule 30(b)(1) of the Federal Rules of Civil Procedure.

**12.     Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

**a.     A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3):** January 20, 2023.

**b.     Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure:** February 24, 2023 (Plaintiffs); March 24, 2023 (Defendants); April 21, 2023 (Rebuttals, if any).

**c.     A deadline for completion of all expert depositions:** June 9, 2023.

**d.     Deadline for filing dispositive motions:** July 14, 2023.

**e.     A date by which the parties shall have engaged in good faith settlement talks:** June 30, 2023.

**13.     Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons).**

Plaintiffs have not requested a jury trial.  Defendants do not plan on requesting a

1   jury trial.

2   **14.    The estimated length of trial and any suggestions for shortening the trial.**

3   Notwithstanding that the aforementioned Ninth Circuit and Supreme Court cases,

4   and/or a decision on Defendants' partial motion to dismiss, may narrow or otherwise alter

5   the claims in this litigation, the parties estimate that trial will last five to seven days.

6   However, the parties also believe that dispositive motion practice in advance of trial could

7   limit the disputed issues for trial, if not eliminate a trial altogether.

8   **15.    The prospects for settlement, including any request of the Court for**

9   **assistance in settlement efforts.**

10   Given that this case concerns important constitutional rights and the

11   constitutionality of a state statute, the parties do not believe that settlement is likely.  The

12   parties do not have any requests of the Court for assistance in settlement efforts at this time.

13   **16.    Any of other matters that will aid the Court and parties in resolving this**

14   **case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil**

15   **Procedure 1.**

16   None.

17

18

19

20

21

22

23

24

25

26

27

28

1

Dated: February 18, 2022

2

By: */s/ Jessica Sklarsky*                    By: */s/ Michael Catlett*

3

4    Jessica Leah Sklarsky, *pro hac vice*      **MARK BRNOVICH**
     Gail Deady, *pro hac vice*                 **ATTORNEY GENERAL**
5    Catherine Coquillette, *pro hac vice*      Brunn W. Roysden III (No. 28698)
     Center For Reproductive Rights            Michael S. Catlett (No. 25238)
6    199 Water Street                          Kate B. Sawyer (No. 34264)
     New York, NY 10038                        Katlyn J. Divis (No. 35583)
7    Telephone: (917) 637-3600                 Office of the Arizona Attorney General
8    jsklarsky@reprorights.org                 2005 N. Central Ave.
     gdeady@reprorights.org                    Phoenix, Arizona 85004
9    ccoquillette@reprorights.org              Telephone: (602) 542-3333
                                               Fax: (602) 542-8308
10                                             Beau.Roysden@azag.gov
     Jen Samantha D. Rasay, *pro hac vice*     Michael.Catlett@azag.gov
11   Center For Reproductive Rights           Kate.Sawyer@azag.gov
     1634 Eye Street, NW, Suite 600            Katlyn.Divis@azag.gov
12   Washington, DC 20006                      *Counsel for Defendant Mark Brnovich in*
13   Telephone: (202) 628-0286                 *his official capacity as Arizona Attorney*
     jrasay@reprorights.org                    *General*
14
15   *Counsel for Paul A. Isaacson, M.D.,*
     *National Council of Jewish Women*        **MARK BRNOVICH**
16   *(Arizona Section), Inc., and Arizona*    **ATTORNEY GENERAL**
     *National Organization for Women*         Kevin Ray (No. 007485)
17                                             Aubrey Joy Corcoran (No. 025423)
18   Victoria Lopez (330042)                   Office of the Arizona Attorney General
     American Civil Liberties Union Foundation 2005 N. Central Ave.
19   of Arizona                                Phoenix, AZ 85004
20   3707 North 7th Street, Suite 235          Telephone: (602) 542-8328
     Phoenix, AZ 85014                         Fax: (602) 364-0700
21   Telephone (602) 650-1854                  Kevin.Ray@azag.gov
22   vlopez@acluaz.org                         AubreyJoy.Corcoran@azag.gov
     *Counsel for Plaintiffs*                  *Counsel for Defendants Arizona*
23                                             *Department of Health Services and Don*
24   COUNSEL CONTINUED                         *Herrington in his official capacity as*
     ON NEXT PAGE                              *Interim Director of the Arizona*
25                                             *Department of Health Services*

26

27

28

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
*Counsel for Eric M. Reuss M.D., M.P.H.,*
*and Arizona Medical Association*

**MARK BRNOVICH**
**ATTORNEY GENERAL**
Mary D. Williams (No. 013201)
Carrie H. Smith (No. 022701)
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004
Telephone: (602) 542-7992
Fax: (602) 364-3202
Mary D.Williams@azag.gov
*Counsel for Defendants Arizona Medical*
*Board and Patricia McSorley in her*
*official capacity as Executive Director of*
*the Arizona Medical Board*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.  All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ *Jessica Sklarsky*