# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Mark Brnovich, Attorney General of Arizona, in his official capacity; et al.,<br><br>Defendants. | Case No. 2:21-CV-1417-DLR |

**DECLARATION OF ERIC M. REUSS, M.D., M.P.H. IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

I, ERIC M. REUSS, M.D., M.P.H., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an obstetrician and gynecologist ("OB/GYN") licensed in Arizona. I have maintained an independent OB/GYN practice, Scottsdale Obstetrics & Genecology, P.C., since 2001.

2. I submit this declaration in support of Plaintiffs' Emergency Motion for an Injunction Pending Appeal against the enforcement of Ariz. Rev. Stat. 1-219 ("the Interpretation Policy") to ensure that I can continue to provide high-quality abortion care to patients without risking serious criminal and civil penalties.

3. My background and experience, and the details of my comprehensive OB/GYN practice are laid out more fully in my August 17, 2021 Declaration in Support of Plaintiffs' Motion for Preliminary Injunction (ECF No. 7-2), at ¶¶ 2-5, 11-16, and

1

incorporated herein. I submit this declaration based on my personal knowledge and expertise as an OB/GYN and abortion provider in Arizona.

4.  There are multiple laws regulating the provision of abortion services in Arizona, with which I comply to ensure that the services I provide are consistent with the law.

5.  I have reviewed the Interpretation Policy, which I understand is currently in effect.

6.  I understand that the Interpretation Policy directs a new interpretation and construction of all of the laws of Arizona "to acknowledge, on behalf of an unborn child at every stage of development, all rights, privileges and immunities available to other persons" subject "only to the Constitution of the United States" and the U.S. Supreme Court's interpretation of that constitution.

7.  I also understand that "[u]nborn child" is defined as "the offspring of human beings from conception until birth." Under Arizona law's existing definition of "conception," that term means "the fusion of a human spermatozoon with a human ovum."

8.  The Interpretation Policy carves out just two exceptions: It states that it does not create a cause of action against "a person who performs in vitro fertilization procedures as authorized under the laws of this state" or against "a woman for indirectly harming her unborn child by failing to properly care for herself or by failing to follow any particular program of prenatal care."

9.  Because the Interpretation Policy states that it is subject to the decisions of the Supreme Court of the United States, it was my understanding that, while *Roe v. Wade*

remained the law of the land, the State of Arizona could not use the Interpretation Policy to prosecute myself or any other medical provider for providing abortion care if we complied with Arizona's abortion laws, nor could we be subject to civil liability.

10. I understand that the Supreme Court of the United States, in its decision in *Dobbs v. Jackson Women's Health Org.*, No. 19-1392 (June 24, 2022), has overturned *Roe v. Wade* and that there is no longer a federal constitutional right to abortion.

11. In the absence of this safeguard, I do not know how I am supposed to proceed: If I continue to comply with the multiple Arizona laws that directly regulate abortion will I protect myself from criminal, civil, and/or licensing penalties, as I have always done? Or will a prosecutor or some other state official nevertheless be able to arrest and prosecute me now by using the Interpretation Policy to re-interpret some *other* law to restrict or prohibit abortion?

12. I saw in the press that the County Attorney for Maricopa County, where my practice is based, has refused to even answer whether she thinks the Interpretation Policy changes the status of abortion in this state or even this county.

13. Because it is impossible for me to know whether the care I am providing is lawful or unlawful, or how to ensure that my conduct remains within what is permitted by law, I have stopped providing abortion care altogether.

14. If this Court does not prevent the Interpretation Policy from being used to impose new and unbounded criminal and civil liability for the provision of legal abortion services, my patients will continue to suffer serious harms from the deprivation of access to abortion care.

15. While abortion is very safe, delay can increase the risks related to the procedure. Moreover, some of my patients seek abortions because of underlying health conditions that are caused or exacerbated by pregnancy. But because I have no way of knowing whether I am breaking the law by providing them care—even life-saving care—or how to ensure that my conduct is in accordance with the law, I have been forced to suspend all abortion services.

Pursuant to 28 U.S.C. § 1746, I hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 24, 2022

_____
Eric M. Reuss, M.D. M.P.H.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>Mark Brnovich, Attorney General of Arizona, in his official capacity; et al.<br><br>      Defendants. | Case No. 2:21-cv-01417-DLR |

## DECLARATION OF PAUL A. ISAACSON, M.D., IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

I, PAUL A. ISAACSON, M.D., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in this lawsuit. I submit this declaration in support of Plaintiffs' Emergency Motion for an Injunction Pending Appeal against enforcement of Ariz. Rev. Stat. § 1-219 ("the Interpretation Policy").

2. As explained in my Declaration in Support of Plaintiffs' Motion for Preliminary Injunction (ECF No. 10-2), I am a physician licensed to practice medicine in Arizona and Nevada. I graduated from Tufts University School of Medicine in 1991. I am a board-certified obstetrician and gynecologist. I have provided reproductive health care, including performing abortions and delivering babies, to thousands of women in Arizona over more than 25 years.

3. I offer this declaration as a Plaintiff in this case. My statements herein are

1

based on my personal knowledge as well as my experience providing obstetrical and gynecological care, including abortion care, to patients in Arizona.

4. I am currently a physician at Reproductive Choice Arizona, PLC, doing business as Family Planning Associates Medical Group ("FPA"). FPA is a private medical practice located in Phoenix, which I co-own along with another physician. It is licensed as an abortion clinic by the Arizona Department of Health Services.

5. Until June 24, 2022, FPA provided a variety of reproductive health services, including medication abortion to patients up to 10 weeks since their last menstrual period ("LMP") and surgical abortion prior to viability.

6. In my role as a physician at FPA, I provided the full range of services offered at the clinic, including performing medication abortions and pre-viability surgical abortions. I also oversee FPA's medical staff and ensure the clinic's policies, procedures, and protocols are in compliance with state law. Additionally, I lead one of the only two abortion-training programs available to Arizona's OB/GYN medical residents.

7. I am familiar with other abortion providers in Arizona and the general availability of abortion care in Arizona.

8. It is my understanding that Ariz. Rev. Stat. § 1-219, the Interpretation Policy, is currently in effect and directs that all Arizona laws be "interpreted and construed to acknowledge, on behalf of an unborn child at every stage of development, all rights, privileges and immunities available to other persons" subject "only to the Constitution of the United States" and the U.S. Supreme Court's interpretation of that constitution. "Unborn child" is defined as "the offspring of human beings from conception until birth."

Under Arizona law's existing definition of "conception," that term means "the fusion of a human spermatozoon with a human ovum."

9. It is also my understanding that the Interpretation Policy has just two exceptions: it states that it does not create a cause of action against "a person who performs in vitro fertilization procedures as authorized under the laws of this state" or against "a woman for indirectly harming her unborn child by failing to properly care for herself or by failing to follow any particular program of prenatal care."

10. It is wholly unclear to me what the Interpretation Policy means, what its effects are, or how to conform my medical practice to avoid legal liability for me, my staff, and my patients.

11. Prior to June 24, 2022, it was my understanding that because the Interpretation Policy is subject to the decisions of the Supreme Court of the United States, under *Roe v. Wade* the State could not use the broad language in the Interpretation Policy to prosecute me or any other medical provider in Arizona for providing abortion care so long as we complied with Arizona's existing statutes and regulations governing abortion.

12. It is my understanding that the Supreme Court of the United States in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392 ("*JWHO*"), has overturned *Roe v. Wade* and *Planned Parenthood of Se. Pa. v. Casey*, and there is no longer a right to abortion under the U.S. Constitution. Due to this decision, I am now afraid that Arizona state officials will use the Interpretation Policy to criminalize abortion care at all gestational stages and under all circumstances. Recent statements by the Maricopa County Attorney have increased this fear. *See, e.g.*, Meg O'Connor, *Without* Roe*, Prosecutors Will Be the*

3

*Abortion Police*, The Appeal (June 1, 2022), https://theappeal.org/prosecutors-are-the-new-abortion-police (Maricopa County Attorney Rachel Mitchell "did not respond when asked if she would use the fetal personhood law to prosecute people who provide or obtain abortions.").

13. I am accordingly afraid that continuing to provide any abortion care in Arizona will put me, my partner, and my staff, at risk of criminal prosecution, civil liability, and/or professional discipline under the Interpretation Policy. I am also concerned that the Interpretation Policy may be used to prosecute my patients for seeking or receiving abortion care in Arizona.

14. For example, under current Arizona law, in most cases I am permitted by law to provide an abortion to a patient at FPA so long as I confirm the pregnancy is not viable and comply with Arizona's informed consent laws and other laws governing the provision of abortion. It is entirely unclear to me whether or how the Interpretation Policy impacts those laws in general, much less in the absence of *Roe v. Wade*.

15. Due to these fears, I have no choice but to stop providing abortion care in Arizona and have directed that FPA cease offering all abortion services as of June 24, 2022. As a result, FPA has cancelled 28 appointments that were scheduled for June 24, 2022, as well as 22 additional appointments that were scheduled to take place early next week.

16. I am aware that many other abortion providers in Arizona have stopped providing abortion care due to the same fears.

17. Without an injunction, I am concerned that the hundreds of Arizonans who seek abortion care from FPA every month will be forced to travel considerable distances,

4

5

likely across state lines, to access abortion care. I am similarly afraid that if FPA resumes providing abortion care while the Interpretation Policy is still in effect, that I, my partner, members of my staff, other Arizona medical providers, and potentially my patients, will be at risk of criminal prosecution and civil liability, and that I and members of my staff would risk having our professional licensure suspended or revoked.

Pursuant to 28 U.S.C. § 1746, I hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 25th day of June, 2022.

_____
Paul A. Isaacson, M.D.