**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>　　　　　Defendants. | No. CV-21-01417-PHX-DLR<br><br>**ORDER** |

On September 28, 2021, the Court issued an order granting in part and denying in part Plaintiffs' motion for a preliminary injunction. (Doc. 52.) The Court granted Plaintiffs' motion with respect to the Reason Regulations, finding that they likely were unconstitutionally vague and placed an undue burden on the then-existing rights of women to terminate a pregnancy before fetal viability. The Court denied Plaintiffs' motion with respect to the Interpretation Policy, finding that their vagueness challenge was premature. Defendants appealed the portion of the Court's order enjoining the Reason Regulations (Doc. 56), and Plaintiffs cross-appealed the portion of the Court's order declining to enjoin the Interpretation Policy (Doc. 65). Defendants asked this Court (Doc. 57) and then the Ninth Circuit (Doc. 14 in 21-16645) for a partial stay of the Court's preliminary injunction order pending appeal; both requests were denied (Doc. 66; Doc. 35 in 21-16645). Defendants then moved the Supreme Court for the same relief.[1]

---

[1] Defendants' application before the Supreme Court is available at https://www.supremecourt.gov/DocketPDF/21/21-

On June 24, 2022, the Supreme Court issued an opinion in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. ___ (2022), ruling that the federal constitution does not afford women a right to terminate a pregnancy. That same day, the Ninth Circuit ordered supplemental briefing on the impact of *Dobbs* on the parties' appeals. (Doc. 84 in 21-16645.) The next day, Plaintiffs filed with this Court a motion pursuant to Federal Rule of Civil Procedure 62(d), asking the Court to enjoin the Interpretation Policy pending disposition of their cross-appeal. (Doc. 107.) The Court set an expedited briefing and hearing schedule to consider this request. (Doc. 109.)

On June 30, 2022, the Supreme Court issued an order on Defendants' partial stay application, vacating this Court's September 28, 2021 preliminary injunction order and remanding to the Ninth Circuit with instructions to remand to this Court for further proceedings consistent with *Dobbs*. (Doc. 110-1.) The Ninth Circuit did so the same day. (Doc. 86 in 21-16645.)

Given these developments, Defendants have filed a notice suggesting that Plaintiffs' motion for an injunction pending appeal is moot because the order from which Plaintiffs cross-appealed has been vacated. (Doc. 110.) The Court agrees that Rule 62(d) is no longer a procedurally appropriate vehicle for Plaintiffs to seek relief. The Supreme Court has vacated the Court's September 28, 2021 order, and the Ninth Circuit has remanded to this Court for further proceedings consistent with *Dobbs*. In essence, the Supreme Court has cleared the slate and instructed this Court to consider this case afresh.

The Court agrees with Plaintiffs, however, that it would be a waste of resources to deny their motion only to have them refile with a different caption. The Court instead will construe Plaintiffs' motion as a renewed motion for a preliminary injunction under Rule 65. The current briefing and hearing schedule will remain in effect.[2] Accordingly,

---

1609/204777/20211210193909281_Isaacson%20v%20Brnovich%20SCOTUS%20Application%20for%20Stay%20FINAL.pdf.

[2] The Court notes that its prior order enjoining the Reason Regulations because they are unconstitutionally vague has been vacated, and nothing in Plaintiffs' current motion asks for any relief as to the Reason Regulations. Should the parties determine that it makes more sense for Plaintiffs to withdraw their current motion and file a new preliminary injunction motion that addresses all issues implicated by this case in light of *Dobbs*, they shall notify the Court at the earliest possible opportunity and propose an alternative briefing

**IT IS ORDERED** that Plaintiffs' motion for an injunction pending appeal under Rule 62(d) (Doc. 107) will be treated as a renewed motion for preliminary injunction under Rule 65. The current briefing and hearing schedule remain in effect.

Dated this 30th day of June, 2022.

_____
Douglas L. Rayes
United States District Judge

---

and hearing schedule. But, for now, the Court will proceed with the motion before it.