# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>Mark Brnovich, Attorney General of Arizona, in his official capacity; et al.<br><br>              Defendants. | Case No.  2:21-CV-1417-DLR<br><br>**SUPPLEMENTAL DECLARATION OF ERIC M. REUSS, M.D., M.P.H., IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION** |

I, Eric M. Reuss, M.D., M.P.H., pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an obstetrician and gynecologist ("OB/GYN") licensed in Arizona.  I have maintained an independent OB/GYN practice, Scottsdale Obstetrics & Gynecology, P.C., since 2001.  I am participating as a plaintiff in this suit on behalf of myself, my staff, and my patients to enforce important constitutional protections and ensure that I can continue to provide high-quality care to patients without risking serious criminal and civil penalties. I submit this supplemental declaration in support of Plaintiffs' Renewed Motion for a Preliminary Injunction against enforcement of provisions of A.R.S. §§ 13-3603.02(A)(2), (B)(2), (D), (E), 36-2157(A)(1), 36-2158(A)(2)(d), 36-2161(A)(25) ("the Reason Scheme").

2.      I previously submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction, Declaration of Eric M. Reuss, M.D., M.P.H., ECF No. 7-2, Ex. 1. My experience and qualifications are set forth more fully in my prior declaration, and I incorporate by reference all statements made in my earlier declaration.

3.      My statements herein are based on my personal knowledge as well as my experience providing obstetrical and gynecological care, including abortions, to patients in Arizona.

4.      I understand that, although the Reason Scheme was enjoined by the Court last year, as a result of the Supreme Court's order in this case on June 30, 2022, the Reason Scheme is now effect.

5.      Now that the Reason Scheme is in effect, I am no longer offering or providing abortions to patients whenever, at a minimum, a nonlethal fetal anomaly factors into their decision. As I previously explained, given the confusing and inconsistent language in the law, this is the only way for me to avoid even a circumstantial indication that I may be violating the Reason Scheme, and the only way for me to continue my medical practice for as many patients as possible and avoid criminal consequences.

6.      Moreover, because I must now deprive some patients of a medical option for their pregnancies, I am unable to continue to provide the full, standard non-directive counseling that is critical to the physician-patient relationship.

7.      As I previously explained, even the exception for lethal fetal conditions does not create an objective safe harbor. Who decides whether there is a "reasonable certainty" that the child would die within three months? How much certainty is reasonable? Is that considered with or without every conceivable medical intervention? I simply do not know what I will do if faced with a patient who *might* qualify for that exception, given the risk that my good faith decision to provide an abortion could be second-guessed and targeted by enforcement authorities after the fact.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August 30, 2022.

_____

Eric M. Reuss, M.D., M.P.H.

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Paul A. Isaacson, M.D., on behalf of himself
and his patients, et al.,

        Plaintiffs,

   v.

Mark Brnovich, Attorney General of
Arizona, in his official capacity; et al.

        Defendants.

Case No.  2:21-CV-1417-DLR

**SUPPLEMENTAL DECLARATION OF KATHERINE B. GLASER, M.D., M.P.H., IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR A PRELIMINARY INJUNCTION**

I, Katherine B. Glaser, M.D., M.P.H., declare as follows:

1.     I am a board-certified obstetrician-gynecologist licensed to practice in Arizona and a member of the Arizona Medical Association, a plaintiff in this lawsuit. I submit this supplemental declaration in support of Plaintiffs' Renewed Motion for a Preliminary Injunction against enforcement of provisions of A.R.S. §§ 13-3603.02(A)(2), (B)(2), (D), (E), 36-2157(A)(1), 36-2158(A)(2)(d), 36-2161(A)(25) ("the Reason Scheme").

2.     I previously submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction, Declaration of Dr. Katherine B. Glaser, ECF No. 10-2, Ex. 2. My experience and qualifications are set forth more fully in my prior declaration, and I incorporate by reference all statements made in my earlier declaration.

3.     My statements herein are based on my personal knowledge as well as my

experience providing obstetrical and gynecological care to patients in Arizona and, in particular, to rural and medically under-served patient populations.

4.      I understand that, although the Reason Scheme was enjoined by the Court last year, as a result of the U.S. Supreme Court's June 30, 2022 order in this case, the Reason Scheme is now effect.

5.      As stated in my first declaration, the Reason Scheme's convoluted and unclear provisions leave me unsure whether I could get caught up in a criminal prosecution, including as an accomplice or aider of criminalized care, simply for providing non-directive options counseling and referrals and engaging in the open discussion that is the foundation of the care we provide our pregnant patients.

6.      I am not alone in this regard. I have spoken to colleagues who have expressed significant concerns about how honest they can be with their patients when discussing pregnancy options in the context of fetal anomalies, as they are worried about risking arrest and prosecution under the Reason Scheme.

7.      I continue to be deeply concerned that, as long as the Reason Scheme remains in effect, communications between patients and healthcare providers will be further impaired, to the detriment of the doctor-patient relationship and patient care. I am particularly concerned about the impact this will have on the patients that I serve in Tuba City, who already experience an array of significant challenges ranging, for example, from financial insecurity to family insecurity, to caregiving challenges and serious health issues that preceded the pregnancy, to lack of access to any other reliable health information sources.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August 25, 2022

_____

Katherine B. Glaser, M.D., M.P.H.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Paul A. Isaacson, M.D., on behalf of himself
and his patients, et al.,

               Plaintiffs,

      v.

Mark Brnovich, Attorney General of
Arizona, in his official capacity; et al.

              Defendants.

Case No.  2:21-CV-1417-DLR

**DECLARATION OF PAUL A. ISAACSON, M.D., IN SUPPORT OF**
**PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION**

I, PAUL A. ISAACSON, M.D., pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a Plaintiff in this lawsuit and a physician at Reproductive Choice Arizona, PLC, doing business as Family Planning Associates Medical Group ("FPA"). I submit this declaration in support of Plaintiffs' Renewed Motion for a Preliminary Injunction against enforcement of provisions of A.R.S. §§ 13-3603.02(A)(2), (B)(2), (D), (E), 36-2157(A)(1), 36-2158(A)(2)(d), 36-2161(A)(25) ("the Reason Scheme"). I previously submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction, Declaration of Dr. Paul A. Isaacson, ECF No. 10-2 ("Isaacson Decl."). I incorporate by reference herein all statements made in my earlier declaration.

2.     My statements herein are based on my personal knowledge as well as my experience providing obstetrical and gynecological care, including abortion care, to

1

patients in Arizona.

3.      It is my understanding that the Reason Scheme went into effect shortly after the Supreme Court's order on June 30, 2022. At the time, however, FPA had temporarily suspended abortion services in Arizona due to the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, and because of the related uncertainty surrounding the legality of abortion in Arizona. FPA has recently restarted providing abortion care up to 16 weeks after a patient's last menstrual period ("LMP").

4.      Now that FPA has resumed providing care, because of the uncertainty about what abortion care the Reason Scheme prohibits and the threat of severe penalties, just as I feared in my first declaration, I am now forced to err on the side of caution and deny abortion care to any of my patients whom I know have a fetal diagnosis, even if that diagnosis could arguably fall within one of the exceptions. Isaacson Decl. ¶¶ 31-43.

5.      As an example, given the Reason Scheme's severe penalties, I fear that officials enforcing the Reason Scheme will interpret a patient's referral to FPA by a maternal-fetal medicine specialist ("MFM") or genetic counselor as evidence that I knew the patient was seeking abortion care because of a fetal diagnosis they received from the referring provider. Isaacson Decl. ¶ 46.  As a result, now that the Reason Scheme is in effect, I am afraid to provide abortion care to patients referred to me or to FPA by an MFM or genetic counselor. *Id.*

6.      I am therefore unable to work with MFMs and genetic counselors to collaboratively and compassionately care for patients with fetal diagnoses, and to ensure they receive the medical care and information that enables them to make the best decision

for their unique circumstances. This will undoubtedly result in some patients with fetal diagnoses being denied abortion care in Arizona altogether, and other patients being delayed in receiving care or otherwise receiving less complete care that would have been available before the Reason Scheme went into effect.

7.      Although I believe it will be extremely difficult for me or my medical staff to avoid discovering that some patients have fetal diagnoses and inferring that those patients are seeking an abortion due to a fetal diagnosis, *see* Isaacson Decl. ¶¶ 44-63, I fear the Reason Scheme will discourage some patients from engaging in open and honest communication with me and my staff about their medical diagnoses and options, lest by doing so they are unable to receive an abortion.

8.      If the Reason Scheme remains in effect, I am very concerned that my communication with my patients and other providers will be impaired, to the detriment of patient care.

9.      Prior to the decision in *Dobbs*, FPA was the foremost medical practice in Arizona providing care to patients referred by other physicians and who were seeking abortion care because of medical indications, including following a diagnosis of a fetal condition. Our practice received significantly more of these referrals than other abortion providers. Now that the Reason Scheme is in effect and FPA has resumed providing services, I expect that we will once again encounter patients who we know or will discover through the circumstances of their care have received a fetal diagnosis.

10.     I understand that a 15-week abortion ban is set to go into effect in late September, but even after that law takes effect, the Reason Scheme will continue to impact

3

the care I am able to provide. Even before 15 weeks, there are numerous screening and diagnostic tests that could indicate the potential for or diagnose a fetal genetic condition.

Pursuant to 28 U.S.C. § 1746, I hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 26th day of August, 2022.

Paul A. Isaacson, M.D.