Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union
Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
vlopez@acluaz.org
*Counsel for Plaintiffs*

Jessica Leah Sklarsky, *pro hac vice*
Gail Deady, *pro hac vice*
Catherine Coquillette, *pro hac vice*
Center For Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
jsklarsky@reprorights.org
gdeady@reprorights.org
ccoquillette@reprorights.org
*Counsel for Paul A. Isaacson, M.D.,
National Council of Jewish Women
(Arizona Section), Inc. and Arizona
National Organization for Women*

COUNSEL CONTINUED
ON NEXT PAGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Mark Brnovich, Attorney General of Arizona, in his official capacity; et al., <br><br> Defendants. | Case No. 2:21-CV-1417-DLR <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF PURSUANT TO COURT'S ORDER (Doc. 130)** |

Jen Samantha D. Rasay, *pro hac vice*
Center For Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC  20006
Telephone: (202) 628-0286
jrasay@reprorights.org

Beth Wilkinson, *pro hac vice*
Anastasia Pastan, *pro hac vice*
Wilkinson Stekloff LLP
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com

Ralia Polechronis, *pro hac vice*
Wilkinson Stekloff LLP
130 West 42nd Street 24th Floor
New York, NY 10036
Telephone: (212) 294-9410
rpolechronis@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc. and Arizona National Organization for Women*

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
Ryan Mendías, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
rmendias@aclu.org
*Counsel for Eric M. Reuss, M.D., M.P.H., and Arizona Medical Association*

On September 2, 2022, Plaintiffs moved this Court (Doc. 125) ("Renewed Mot.") to again enjoin certain provisions of S.B. 1457, 55th Leg., 1st Reg. Sess. (Ariz. 2021), §§ 2, 10, 11, and 13 (codified at A.R.S. §§ 13-3603.02, 36-2157, 36-2158(A)(2)(d), 36-2161(A)(25) (collectively, the "Reason Scheme" or "Scheme")). Plaintiffs sought injunctive relief based on the strong likelihood of prevailing on their vagueness claim and the ongoing irreparable harm inflicted by the Reason Scheme, which took effect on June 30, 2022, when the Supreme Court vacated this Court's Preliminary Injunction Order (Doc. 52) ("First PI Order"). *See Brnovich v. Isaacson*, 142 S. Ct. 2893 (2022). Defendants responded in opposition (Doc. 127), and Plaintiffs submitted their reply (Doc. 128) ("Reply") on the morning of September 23, 2022.

Before day's end, however, the Pima County Superior Court granted the Attorney General's Ariz. R. Civ. Pro. 60(b) motion to lift an almost 50-year-old injunction against A.R.S. § 13-3603 (the "Pre-*Roe* Ban").[1] *Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867 (Ariz. Super. Ct. Sept. 23, 2022) ("*PPAZ*").[2] On Monday, September 26, 2022, Planned Parenthood Arizona, Inc. ("Planned Parenthood") sought an emergency stay of the Superior Court's order. Planned Parenthood's Emergency Mot. For Stay of Order Pending Appeal at 1, *Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867 (Ariz. Super. Ct. Sept. 26, 2022). Expedited briefing on

---

[1] The Pre-*Roe* Ban "bans the provision of abortion, except when necessary to save a pregnant person's life. It does not contain any exceptions to allow abortions in the case of threats to the patient's health, rape, or incest." Planned Parenthood's Resp. to Defs.' Rule 60(b) Mot. for Relief from J. at 3, *Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867 (Ariz. Super. Ct. July 20, 2022).

[2] Just one day after the Pre-*Roe* Ban went into effect, the State's recently-enacted ban on abortion after 15 weeks gestation also went into effect. S.B. 1164, 55th Leg., 2d Reg. Sess. (Ariz. 2022) (codified at A.R.S. §§ 36-2321 et seq.) (the "15-Week Ban"). As this Court recognized when it enjoined the Interpretation Policy, the 15-Week Ban "explicitly states it does not repeal [the Pre-*Roe* Ban]," and thus the 15-Week Ban and the Pre-*Roe* Ban are currently in effect. Prelim. Inj. Order at 12 (Doc. 121) ("Second PI Order"); *see* S.B. 1164, 55th Leg., 2d Reg. Sess. (Ariz. 2022) § 2.

1

Planned Parenthood's emergency motion was completed September 28, 2022. *See* Order, *Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867 (Ariz. Super. Ct. Sept. 26, 2022). As of the time of this filing, a decision on Planned Parenthood's motion is still pending.

This Court requested supplemental briefing on the impact of the *PPAZ* decision on Plaintiffs' motion for preliminary injunction, and specifically "whether Plaintiffs will be irreparably harmed in the absence of a preliminary injunction in light of the" *PPAZ* order. (Doc. 130).

As the Court recognized earlier this year, "[t]he purpose of a preliminary injunction is to preserve the status quo[3] in order to avoid harm while litigation is pending." *See* Second PI Order at 4 (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Despite Friday's decision in *PPAZ*, the only way to achieve this purpose is to enjoin the Reason Scheme now: the Reason Scheme is still likely to inflict irreparable harm on Plaintiffs, their members, and their patients and injunctive relief is still the appropriate equitable action.

### I. The Reason Scheme is Still Likely to Inflict Irreparable Harm.

Plaintiffs are only required to demonstrate a likelihood of irreparable harm to meet the standard for a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (The Court's "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). "[W]hile 'likely' is a higher threshold than 'possible,' [Plaintiffs] need not prove that irreparable harm is certain or even nearly certain." *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1191 (9th Cir. 2011). Plaintiffs still clearly meet this standard.

While Friday's decision in *PPAZ* lifted the previous injunction against the Pre-*Roe*

---

[3] As articulated in Reply at 2-3, the status quo refers to the "legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d at 1053, 1061 (9th Cir. 2014).

Ban, that case is far from over. To start, as noted *supra*, Planned Parenthood has already sought an emergency stay, which has been fully briefed. More fundamentally, however, the Pima County Superior Court declined to consider the underlying merits arguments concerning the interplay of the Pre-*Roe* Ban and Arizona's existing, comprehensive statutory scheme regulating abortion, including the 15-Week Ban and the Reason Scheme. As Planned Parenthood argued, given the dozens of Arizona laws that allow for abortion, including the 15-Week Ban which explicitly does not repeal the Pre-*Roe* Ban, Arizona's rules for statutory interpretation require the Pre-*Roe* Ban "be harmonized with the legislature's subsequently enacted scheme of regulation for abortion providers" and should not apply to "abortions provided by licensed physicians who are authorized to do so consistent with Arizona's duly enacted laws and regulations." Planned Parenthood's Resp. to Defs.' Rule 60(b) Mot. for Relief from J. at 10-11, *Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867 (Ariz. Super. Ct. July 20, 2022). The Attorney General, however, argued that the Pima County Superior Court should "return[] [the law] to what it was prior to *Roe*," arguing for the "enforcement of the [Pre-*Roe* Ban's] criminal prohibition on performing abortions [against physicians and non-physicians] except to save the life of the mother." Attorney General's Mot. for Relief from J. at 10–11, *Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867 (Ariz. Super. Ct. July 13, 2022).

For the moment, Plaintiffs Drs. Isaacson and Reuss have, once again, temporarily halted abortion services. However, as Arizona state courts continue to consider the impact of the Pre-*Roe* Ban, it is "likely," *see Small*, 661 F.3d at 1191, abortion services in the state will continue to start and stop and start again, as they have for the past three months.[4] And,

---

[4] *See* Stephanie Innes, *Here's what you need to know about Arizona's abortion law*, Ariz. Republic (Sept. 28, 2022, 10:13 A.M.), https://www.azcentral.com/story/news/local/arizona-health/2022/09/27/what-you-need-

3

as Plaintiffs have already demonstrated, Renewed Mot. at 15–17, there is a substantial likelihood the Reason Scheme will continue to inflict significant and ongoing irreparable harms.

Indeed, denying injunctive relief now will result in significant and undue hardship to Plaintiffs, their members, and their patients. If the Court declines to grant Plaintiffs' motion, Plaintiffs will have no choice but to return to the Court to seek injunctive relief each time they resume providing abortion care services. And the Court will have no choice but to repeatedly consider and re-consider Plaintiffs' request each time there is a temporary (and, as recent history has shown, short-lived) change to the abortion services offered in the state.

Not only will this be a waste of both the Court's and the Parties' resources, but as a practical matter, Plaintiffs also will be unlikely to secure relief fast enough with each renewed motion before another temporary suspension is required. Plaintiffs' experience with this very motion only underscores that reality. Thus, if the Court declines to consider Plaintiffs' request for relief now, that all but assures the Reason Scheme will continue to perpetrate irreparable harms each time abortion services resume in Arizona without any viable avenue for relief for the foreseeable future. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (The deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable injury."); *cf. Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007) (disputes are not moot where the harm is "capable of repetition, yet evad[es] review").

## II. The Balance of Equities Further Underscore the Need to Grant Plaintiffs' Renewed Motion Now.

At the same time, Defendants will not—indeed they cannot—be subject to any

---

know-arizonas-abortion-law/8123896001/ (chronicling how abortion providers in Arizona have been forced to stop and start abortion services due to uncertainty in the law since *Dobbs*).

harms or prejudice resulting from the Court enjoining the Reason Scheme at this time. As Plaintiffs have already explained, an injunction will not inflict any harm on Arizona, *see* Reply at 10. That is all the more true during a temporary suspension of services.

Moreover, granting preliminary injunctive relief does not tie this Court's hands forever. Should the Arizona Supreme Court issue a final judgment on the merits that permanently alters the legal status of abortion in Arizona—whether before or after the termination of this action—Defendants would then be free to move this Court to modify or vacate the injunction.

## CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that the Court grant their Renewed Motion for Preliminary Injunction against the Reason Scheme.

Respectfully submitted this 30th day of September, 2022.

By: */s/ Jessica Leah Sklarsky*

Jessica Leah Sklarsky, *pro hac vice*
Gail Deady, *pro hac vice*
Catherine Coquillette, *pro hac vice*
Center For Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
jsklarsky@reprorights.org
gdeady@reprorights.org
ccoquillette@reprorights.org
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Jen Samantha D. Rasay, *pro hac vice*
Center For Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC  20006
Telephone: (202) 628-0286
jrasay@reprorights.org
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Jared G. Keenan (027068)
Victoria Lopez (330042)
American Civil Liberties Union Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone (602) 650-1854
jkeenan@acluaz.org
vlopez@acluaz.org
*Counsel for Plaintiffs*

COUNSEL CONTINUED
ON NEXT PAGE

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
Ryan Mendías, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
rmendias@aclu.org
*Counsel for Eric M. Reuss, M.D., M.P.H., and Arizona Medical Association*

Beth Wilkinson, *pro hac vice*
Anastasia Pastan, *pro hac vice*
Wilkinson Stekloff LLP
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Ralia Polechronis, *pro hac vice*
Wilkinson Stekloff LLP
130 West 42nd Street
24th Floor
New York, NY 10036
Telephone: (212) 294-9410
rpolechronis@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 30, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. All counsel of record are registrants and are therefore served via this filing and transmittal.

                                                                               */s/ Jessica Leah Sklarsky*
                                                                               Jessica Leah Sklarsky