IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>    Defendants. | No. CV-21-01417-PHX-DLR<br><br>**ORDER** |

The Court has Plaintiffs' renewed motion for a preliminary injunction under advisement. After extensive review, research, and consideration, it would be helpful to hear the parties' positions on the following three issues:

**1.** Defendants argue Plaintiffs' pre-enforcement facial vagueness challenge is not ripe. Ripeness has both constitutional (i.e., jurisdictional) and prudential (i.e., discretionary) components. *Alaska Right to Life Political Action Committee v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007). The existing briefing appears to conflate the two. "[T]he constitutional ripeness inquiry focuses on (1) whether the plaintiffs have articulated a concrete plan to violate the law in question, (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and (3) the history of past prosecution or enforcement under the challenged statute." *Id.* (citation omitted). The parties have not explained whether and how this pre-enforcement facial vagueness claim satisfies this three-part jurisdictional test.

**2.** In *Kashem v. Barr*, the Ninth Circuit reaffirmed "the longstanding rule that a litigant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." 941 F.3d 358, 375-76 (9th Cir. 2019). The court explained: "[T]he principle that a litigant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge rests on an independent foundation, apart from the vague-in-all-applications rule," and therefore the Supreme Court's recent decisions in *United States v. Johnson*, 576 U.S. 591 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) "did not alter the general rule that a [litigant] whose conduct is clearly prohibited cannot be the one to make a facial vagueness challenge to a statute." *Id.*

This rule makes sense in a post-enforcement case, where the Court can examine the plaintiff's conduct and determine whether the challenged law clearly prohibits it. Less clear is how this rule applies in the pre-enforcement context, where, as here, the plaintiff has not yet engaged in any specific conduct. The parties have not explained whether or how this general rule applies in the pre-enforcement context. In particular, what specific conduct should the Court examine in order to determine whether Plaintiffs are among the class of persons entitled to make a facial vagueness challenge? In addition, it is unclear whether Plaintiffs are arguing they satisfy the general rule or only that this case warrants an exception to the rule. *See Kashem*, 941 F.3d at 376 ("The relevant question, therefore, is simply whether this case, like *Johnson* and *Dimaya*, warrants an exception to this rule.").

**3.** Plaintiffs assert a facial vagueness claim. Ordinarily, to succeed on a facial challenge, a litigant "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see also Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228, 2275 n.60 (2022) (signaling that a majority of the Supreme Court endorses the *Salerno* test for facial challenges). But the Ninth Circuit recently held that "*Johnson* and *Dimaya* expressly rejected the notion that a statutory provision survives a facial vagueness challenge merely because some conduct clearly falls within the statute's scope." *Guerrero v. Whitaker*, 908 F.3d 541, 544 (9th Cir. 2018). Thus, the Ninth Circuit has "lowered the burden for parties . . . that bring facial void

for vagueness challenges as the government cannot defeat challenges by simply offering a single example where a law could be clearly applied." *Helicopters for Agriculture v. Cnty. of Napa*, 384 F.Supp.3d 1035, 1039 (N.D. Cal. Apr. 18, 2019).

Plaintiffs have the burden of proof and highlighting how the government cannot defeat a facial vagueness challenge sheds little light on what Plaintiffs must show to succeed on one. Though the Ninth Circuit made clear that *Salerno*'s test does not apply to facial vagueness challenges, this Court has been unable to determine what substantive test applies instead. The existing briefing does not address what substantive standard (other than *Salerno*'s) governs facial vagueness claims that do **not** implicate First Amendment rights.[1] Put simply, if a plaintiff mounting a facial vagueness claim no longer needs to show the law is vague in all applications, then how many applications suffice?

**IT IS ORDERED** that, by no later than **December 12, 2022**, Plaintiffs submit a supplemental brief, limited to 10 pages, addressing only the issues identified in this order. By no later than **December 15, 2022**, Defendants shall submit a supplemental response, also limited to 10 pages. Plaintiffs may file an optional reply, limited to 5 pages, by no later than **December 16, 2022**.

Dated this 7th day of December, 2022.

Douglas L. Rayes
United States District Judge

---

[1] Based on the Court's research, it appears the standard governing First Amendment overbreadth claims also governs facial vagueness claims when the challenged law implicates First Amendment rights. But if the parties see it differently, they are free to provide their views on this issue, as well.