Jared G. Keenan (027068)
American Civil Liberties Union
Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
*Counsel for Plaintiffs*

Jessica Leah Sklarsky, *pro hac vice*
Gail Deady, *pro hac vice*
Catherine Coquillette, *pro hac vice*
Center For Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
jsklarsky@reprorights.org
gdeady@reprorights.org
ccoquillette@reprorights.org
*Counsel for Paul A. Isaacson, M.D.,
National Council of Jewish Women
(Arizona Section), Inc. and Arizona
National Organization for Women*

COUNSEL CONTINUED
ON NEXT PAGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al., | |
| Plaintiffs, | Case No. 2:21-CV-1417-DLR |
| v. | **PLAINTIFFS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL** |
| Kristin K. Mayes, Attorney General of Arizona, in her official capacity; et al., | |
| Defendants. | |

Jen Samantha D. Rasay, *pro hac vice*
Center For Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC  20006
Telephone: (202) 628-0286
jrasay@reprorights.org

Beth Wilkinson, *pro hac vice*
Anastasia Pastan, *pro hac vice*
Wilkinson Stekloff LLP
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com

Ralia Polechronis, *pro hac vice*
Wilkinson Stekloff LLP
130 West 42nd Street 24th Floor
New York, NY 10036
Telephone: (212) 294-9410
rpolechronis@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc. and Arizona National Organization for Women*

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
Ryan Mendías, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
rmendias@aclu.org
*Counsel for Eric M. Reuss, M.D., M.P.H., and Arizona Medical Association*

**INTRODUCTION**

Plaintiffs respectfully move this Court to stay these proceedings pending resolution of their appeal in the Ninth Circuit. Plaintiffs have filed a notice of appeal regarding this Court's determination that their pre-enforcement facial vagueness challenge to the Reason Scheme is unripe and, therefore, nonjusticiable. Given that each Party is permitted to file only one motion for summary judgment, how the Ninth Circuit decides the question on appeal weighs significantly on how Plaintiffs will brief dispositive motions and could materially impact this Court's assessment of Plaintiffs' claims. Accordingly, in the interest of judicial economy and to ensure that the Parties and the Court have full benefit of the Ninth Circuit's guidance, Plaintiffs respectfully request that the Court stay proceedings pending resolution of their appeal.

**PROCEDURAL BACKGROUND**

Plaintiffs filed this action on August 17, 2021, challenging portions of Arizona Senate Bill 1457, which imposed a variety of restrictions on abortion care. S.B. 1457, 55th Leg., 1st Reg. Sess. (Ariz. 2021). *See* Compl. (ECF No. 1). Plaintiffs challenged the Reason Scheme both as violating the then-applicable substantive due process right to abortion and as void for vagueness. Plaintiffs likewise challenged the Interpretation Policy as void for vagueness. Initially, the Court granted Plaintiffs' request for a preliminary injunction of the Reason Scheme, but denied Plaintiffs' request with respect to the Interpretation Policy. Order (ECF No. 52). Defendants appealed the preliminary injunction order with respect to the Reason Scheme, and Plaintiffs cross-appealed with respect to the Interpretation Policy.

While these appeals were pending, the Supreme Court overturned *Roe v. Wade*, 410 U.S. 113 (1973) in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). This decision unleashed chaos in Arizona, raising questions regarding the legality of abortion care under the Interpretation Policy as well as A.R.S. § 13-3603 (the "Territorial Law"). As a result, Plaintiffs immediately sought a preliminary injunction of

the Interpretation Policy as applied to abortion care, which this Court granted on July 11, 2022. Order (ECF No. 121). Defendants did not appeal this ruling.

Shortly after *Dobbs*, on June 30, 2022, the Supreme Court vacated this Court's initial order granting a preliminary injunction of the Reason Scheme. *Brnovich v. Isaacson*, 142 S. Ct. 2893 (2022). On September 2, Plaintiffs filed a renewed motion for a preliminary injunction of the Reason Scheme, this time moving only on vagueness grounds. Renewed Mot. Prelim. Inj. (ECF No. 125). On January 19, 2023, this Court denied Plaintiffs' renewed request for a preliminary injunction. Order (ECF No. 152). Plaintiffs have noticed an appeal regarding this Court's determination that their renewed request for a preliminary injunction of the Reason Scheme was not justiciable. Notice of Appeal (ECF No. 162). Plaintiffs assert—contrary to the Court's ruling—that Plaintiffs' pre-enforcement vagueness challenge against the Reason Scheme is ripe for review.

Fact discovery closed on January 20. Scheduling Order at 2 (ECF No. 99). To date, no documents have been exchanged between the Parties. Expert disclosures must be made by March 24, 2023, and expert discovery is set to close on June 9. *Id.* at 3. Thus far, no experts have been identified by either Party. Given the nature of Plaintiffs' claims, Plaintiffs do not believe that any discovery—nor any evidentiary hearing—is necessary. Instead, all that remains are dispositive motions, which will present the Court with the exact same issue regarding the ripeness of Plaintiffs' pre-enforcement vagueness claim against the Reason Scheme that is currently before the Ninth Circuit in Plaintiffs' appeal.

Because only dispositive motions remain, and given the significant impact the Ninth Circuit's decision could have on the scope of those motions and the Court's assessment of them (namely, the ripeness of Plaintiffs' pre-enforcement vagueness challenge), Plaintiffs seek a stay of these proceedings pending appeal. Plaintiffs informed Defendants of their intent to file this motion on February 15, 2023. Counsel for Defendants indicated that they do not oppose this motion.

## LEGAL STANDARD

District courts have inherent power to control proceedings before them. *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Although the Ninth Circuit has cautioned against routinely "delay[ing] trial preparation to await an interim ruling on a preliminary injunction," *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018), it has "sustained, or authorized in principle, *Landis* stays on several occasions." *Lockyer*, 398 F.3d at 1110. When determining whether a stay should be imposed, courts must weigh competing interests. *Landis*, 299 U.S. at 254–55. These interests include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

## ARGUMENT

**A.     All Three *Landis* Factors Weigh in Favor of Staying This Case.**

     **1.     A Stay Would Conserve Court and Party Resources and Eliminate the Risk of Inconsistent Rulings.**

A stay would serve the orderly course of justice, avoid the potential for inconsistent rulings, and prevent any hardship to Plaintiffs from going forward with dispositive motions without the benefit of the Ninth Circuit's guidance. It is inevitable that any dispositive motion filed in this case will force the Court to consider the ripeness of Plaintiffs' pre-enforcement vagueness claim against the Reason Scheme, which is the precise question

now pending before the Ninth Circuit in Plaintiffs' appeal. *See* Notice of Appeal (ECF No. 162). In denying Plaintiffs' request for preliminary injunctive relief with respect to the Reason Scheme, the Court determined that Plaintiffs' pre-enforcement vagueness claim was not ripe. Order at 11 (ECF No. 152). Plaintiffs respectfully disagree with the Court's assessment and thus have appealed that ruling.

Because the question underlying Plaintiffs' appeal will be an essential issue in any forthcoming dispositive motion, a ruling by the Ninth Circuit is likely to provide substantial guidance to this Court in how to resolve such a motion. Proceeding in the absence of such guidance would likely be inefficient and a waste of the Court's and the Parties' resources.[1] *See SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, No. CV-15-00374-PHX-DLR, 2016 WL 5109887, at *2 (D. Ariz. Sept. 20, 2016) (finding that "it would be an inefficient use of judicial resources for both this Court and the Ninth Circuit to consider the same issues simultaneously with the looming risk of inconsistent rulings"). This Court has routinely held that a stay is appropriate pending an appellate decision when it will "conserve resources which could be unnecessarily expended reviewing the adequacy of the pleadings . . . and deciding dispositive motions." *In re Sprouts Farmers Mkt., Inc. Emp. Data Sec. Breach Litig.*, No. MDL 16-02731-PHX DLR, 2017 WL 3051243, at *3 (D. Ariz. May 24, 2017); *see also Declements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2020 WL 8181702, at *1 (D. Ariz. Dec. 4, 2020) (granting stay).[2]

---

[1] Moreover, simultaneous consideration of these issues before this Court and in the Ninth Circuit appeal could lead to inconsistent rulings, with absurd results. For example, were this Court to dismiss Plaintiffs' vagueness claim against the Reason Scheme, only then to have the Ninth Circuit find that claim justiciable, Plaintiffs would then be forced to move to reinstate their claims. By contrast, were this Court to grant a stay and then the Ninth Circuit were to reverse any aspect of the preliminary injunction denial, the Court could incorporate the Ninth Circuit's decision into consideration of dispositive motions.

[2] This Court previously stayed briefing on Defendants' Motion to Dismiss in recognition of the fact that the Ninth Circuit had yet to weigh in on questions that motion presented. Order at 2 (ECF No. 84). Similar considerations weigh in favor of staying proceedings pending resolution of the current appeal before the Ninth Circuit.

4

Other courts in the Ninth Circuit have granted stays pending interlocutory appeals, like Plaintiffs', of jurisdictional issues. For example, the Western District of Washington granted a stay pending interlocutory appeal of a denial of a motion to dismiss for lack of personal jurisdiction, holding that "[i]t would be inefficient and a waste of resources to continue proceedings while the matter is on appeal." *Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, No. 3:13-cv-05654, 2013 WL 5913266, at *2 (W.D. Wash. Nov. 4, 2013); *see also Asis Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *4 (N.D. Cal. Sept. 16, 2008) (granting stay pending interlocutory appeal of standing issue). The concerns that animated those courts to issue stays pending appeal are especially present here—since the question in Plaintiffs' current appeal will be presented in any dispositive motion the Court considers.

Furthermore, stays are particularly appropriate when the forthcoming appellate decision "could materially alter the nature of at least some of Plaintiff's claims." *Head v. Citigroup Inc.*, No. CV-18-08189-PCT-DLR, 2020 WL 6198950, at *1 (D. Ariz. Sept. 22, 2020); *Whittaker v. All Reverse Mortg. Inc.*, No. CV-20-08016-PCT-DLR, 2020 WL 2829785, at *1 (D. Ariz. May 29, 2020) (granting stay pending Supreme Court decision); *In re Sprouts Farmers Mkt., Inc. Emp. Data Sec. Breach Litig.*, 2017 WL 3051243, at *3. And, indeed, that is the case here. Pursuant to the Court's Scheduling Order, each Party is permitted to file only one motion for summary judgment by July 14, 2023. Scheduling Order at 4 (ECF No. 99). Under this Scheduling Order, in the absence of a stay, Plaintiffs will be forced to seek summary judgment on all their pre-enforcement vagueness claims under Plaintiffs' understanding of the ripeness analysis (despite the Court's alternate articulation, *see* Order (ECF No. 152)) rather than carefully considering how to proceed based on the Ninth Circuit's guidance. However, with the benefit of a stay, Plaintiffs will be able to take into account the Ninth Circuit's ruling, which will materially inform not only Plaintiffs' briefing, but also whether to dismiss or move on any particular claim.

Staying these proceedings would therefore serve the interest of judicial economy, would conserve the Parties' and this Court's resources, and permit the Court and the Parties to incorporate the Ninth Circuit's ruling before proceeding with dispositive motions.[3]

### 2.　A Stay Will Not Injure Defendants.

Defendants will not be harmed if proceedings are stayed pending resolution of Plaintiffs' appeal. While a stay may prolong resolution of this case, delay alone is not a sufficient harm to justify denial of a stay. *Bishop v. Schriro*, No. CV-08-964-PHX-SMM (JRI), 2009 WL 1749989, at *3 (D. Ariz. June 18, 2009) (granting stay where "Defendants have not espoused any real damage from a stay, apart from the delay itself"); *Declements*, 2020 WL 8181702, at *1 (granting stay pending decision in related case likely to be decided in upcoming Supreme Court term). Defendants are not in need of any immediate relief regarding the Reason Scheme, which is not enjoined at this time. Rather, it is Plaintiffs who are appealing to remedy ongoing harms from the Reason Scheme.

### CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court stay proceedings in this case pending resolution of their appeal in the Ninth Circuit.

---

[3] Of note, the Arizona Supreme Court is also poised to consider whether to take up *Planned Parenthood of Arizona, Inc. v. Mayes* ("*PPAZ*"). *See generally Planned Parenthood of Ariz., Inc. v. Brnovich*, No. 2 CA-CV 2022-0116, 2022 WL 18015858 (Ariz. Ct. App. Dec. 30, 2022). The final resolution of *PPAZ* could also significantly alter the abortion landscape in Arizona.

Respectfully submitted this 21st day of February, 2023.

By: */s/ Jessica Leah Sklarsky*

Jessica Leah Sklarsky, *pro hac vice*
Gail Deady, *pro hac vice*
Catherine Coquillette, *pro hac vice*
Center For Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
jsklarsky@reprorights.org
gdeady@reprorights.org
ccoquillette@reprorights.org
*Counsel for Paul A. Isaacson, M.D.,
National Council of Jewish Women
(Arizona Section), Inc., and Arizona
National Organization for Women*

Jen Samantha D. Rasay, *pro hac vice*
Center For Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC  20006
Telephone: (202) 628-0286
jrasay@reprorights.org
*Counsel for Paul A. Isaacson, M.D.,
National Council of Jewish Women
(Arizona Section), Inc., and Arizona
National Organization for Women*

Jared G. Keenan (027068)
American Civil Liberties Union
Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone (602) 650-1854
jkeenan@acluaz.org
*Counsel for Plaintiffs*

COUNSEL CONTINUED
ON NEXT PAGE

7

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
Ryan Mendías, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
rmendias@aclu.org
*Counsel for Eric M. Reuss, M.D., M.P.H., and Arizona Medical Association*

Beth Wilkinson, *pro hac vice*
Anastasia Pastan, *pro hac vice*
Wilkinson Stekloff LLP
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Ralia Polechronis, *pro hac vice*
Wilkinson Stekloff LLP
130 West 42nd Street
24th Floor
New York, NY 10036
Telephone: (212) 294-9410
rpolechronis@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. All counsel of record are registrants and are therefore served via this filing and transmittal.

*/s/ Jessica Leah Sklarsky*
Jessica Leah Sklarsky

9