**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al., | No. CV-21-01417-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Kris Mayes, et al., | |
| Defendants. | |

On July 11, 2022, the Court preliminarily enjoined A.R.S. § 1-219—known in this case as the "Interpretation Policy"—which provides:

> A. The laws of this state shall be interpreted and construed to acknowledge, on behalf of an unborn child at every stage of development, all rights, privileges and immunities available to other persons, citizens and residents of this state, subject only to the Constitution of the United States and decisional interpretations thereof by the United States Supreme Court.
>
> B. This section does not create a cause of action against:
>
> 1. A person who performs in vitro fertilization procedures as authorized under the laws of this state.
>
> 2. A woman for indirectly harming her unborn child by failing to properly care for herself or by failing to follow any particular program of prenatal care.
>
> C. For the purposes of this section, "unborn child" has the same meaning prescribed in § 36-2151.

(Doc. 121.) The Court determined this provision is unconstitutional because it is intolerably vague, and that vagueness would chill Plaintiffs from performing any abortions, including those non-elective abortions necessary for the protection of the patient's life. (*Id.* at 12-15 & n.8.) Defendants did not appeal that preliminary ruling.

On January 19, 2023, the Court denied Plaintiffs' motion to preliminarily enjoin a collection of laws known in this case as the Reason Regulations, which make it harder for patients to electively terminate pregnancies after receiving a fetal genetic diagnosis. (Doc. 152.) Plaintiffs argued the Reason Regulations are unconstitutionally vague, but the Court found their pre-enforcement facial vagueness claim lacked constitutional ripeness because the conduct Plaintiffs claim they are chilled from engaging in is not arguably constitutionally protected in light of *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022), and the speech Plaintiffs claim they are self-censoring is not arguably proscribed by the Reason Regulations.[1] (Doc. 152 at 11.) Plaintiffs have noticed an

---

[1] On first glance, the Court's two preliminary injunction orders might seem inconsistent. The Court entertained Plaintiffs' pre-enforcement vagueness challenge to the Interpretation Policy, but not to the Reason Regulations. On closer read, however, the two orders are reconcilable.

Plaintiffs argued the Interpretation Policy's vagueness chilled them from performing any abortions, even those non-elective abortions necessary for the protection of a patient's life that would have remained lawful in Arizona under the most restrictive of its abortion statutes. The question presented in *Dobbs* was "[w]hether all pre-viability prohibitions on elective abortions are unconstitutional." *See* https://www.supremecourt.gov/qp/19-01392qp.pdf. Nothing in *Dobbs* purports to eliminate a patient's right to a non-elective abortion necessary for the protection of the patient's life. Therefore, to the extent the Interpretation Policy chilled Plaintiffs from performing non-elective abortions necessary to protect a patient's life, that conduct at least arguably remains constitutionally protected post-*Dobbs*.

In contrast, Plaintiffs did not argue or present evidence that the Reason Regulations chill them from performing non-elective abortions necessary for the protection of a patient's life. Nor do the Reason Regulations, by their terms, implicate such abortions. The Reason Regulations do not apply in the case of a "medical emergency," defined as "a condition that, on the basis of the physician's good faith clinical judgment, so complicates the medical condition of a pregnant woman as to necessitate the immediate abortion of her pregnancy to avert her death or for which a delay will create a serious risk of a substantial and irreversible impairment of a major bodily function." A.R.S. §§ 13-3603.02(A)(2) & (B)(2), 36-2151(9). Moreover, an abortion performed to avert the death or serious bodily injury of a patient would not be an abortion performed because of (let alone solely because of) the presence of presumed presence of a fetal genetic abnormality. If the abortion were necessary to avert death or serious bodily injury, it presumably would be performed regardless of whether the fetus has or is presumed to have a fetal genetic abnormality. So, whereas the Interpretation Policy chilled Plaintiffs from engaging in arguably constitutionally protected conduct (performing non-elective abortions necessary to protect a patient's life), the Reason Regulations chill Plaintiffs from engaging in unprotected

interlocutory appeal of that order (Doc. 162) and concurrently moved to stay this case pending the outcome of that appeal (Doc. 163).

In determining whether to grant a stay, the Court balances the (1) harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). On balance, these factors favor a stay.

First, a stay would not harm Defendants, who have not been enjoined from enforcing the Reason Regulations. The only injunction Defendants are subject to is a preliminary injunction Defendants did not see fit to appeal. More importantly, however, Defendants do not oppose a stay, which shows they do not believe a stay will prejudice them. (Doc. 163 at 4.)

Second, absent a stay Plaintiffs will incur the costs related to briefing dispositive motions against the backdrop of this Court's understanding of the test for pre-enforcement standing in vagueness cases—an understanding Plaintiffs do not share. An appellate decision on this question could significantly narrow the scope of this case.

Third, and relatedly, a stay would promote judicial economy. Fact discovery is closed. The dispositive motions deadline is on the horizon. It makes little sense to move forward with dispositive motions when the Ninth Circuit's resolution of Plaintiffs' interlocutory appeal could materially alter the analysis of at least some of Plaintiffs' claims.

For these reasons, the Court will grant Plaintiffs' motion for a stay, with one exception: the parties may continue to brief the putative intervenors' motion to intervene (Doc. 155), and the Court will rule on that motion.

**IT IS ORDERED** that Plaintiffs' motion to stay (Doc. 163) is **GRANTED**. Proceedings in this mater are **STAYED** pending a decision from the Ninth Circuit on Plaintiffs' interlocutory appeal, except the parties may continue to brief and the Court will

---

conduct (performing elective abortions when they suspect a fetal genetic abnormality might have been a causal factor in the patient's decision-making). This difference explains why the Interpretation Policy is subject to pre-enforcement review for vagueness, while the Reason Regulations are not.

rule on the putative intervenors' motion to intervene. Plaintiffs shall file a written notice with the Court within 5 days of the Ninth Circuit's decision on their interlocutory appeal.

Dated this 22nd day of February, 2023.

Douglas L. Rayes
United States District Judge