**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A Isaacson, et al., | No. CV-21-01417-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Kris Mayes, et al., | |
| Defendants. | |

At issue is a motion to intervene filed by Putative Intervenors Warren Petersen, President of the Arizona State Senate, and Ben Toma, Speaker of the Arizona House of Representatives. (Doc. 155.) Plaintiffs oppose the motion (Doc. 159), and Defendants have taken no position on the request (Docs. 158, 160, 161). For reasons explained below, the Court finds Putative Intervenors have a right to intervene and therefore grants the motion.

Under Federal Rule of Civil Procedure 24(a), the Court must allow intervention if the Putative Intervenors (1) timely move to intervene, (2) have a significantly protectable interest in the subject of the action, (3) are situated such that disposition of the action may impair their ability to protect that interest, and (4) are not adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). No one contests timeliness. And, assuming Putative Intervenors have a significantly protectable interest in the subject of this action, no one contests that disposition of this action may impair Putative Intervenors' ability to protect that interest, or that the existing parties do not adequately

represent Putative Intervenors' interest. Instead, Plaintiffs dispute whether Putative Intervenors have a significantly protectable interest in the subject of this action.

Putative Intervenors argue they have a right to intervene and assert Arizona's sovereign interest in the validity and continued enforcement of its laws under A.R.S. § 12-1841(D) and the Supreme Court's recent decision *in Berger v. North Carolina State Conference of the NAACP*, 142 S.Ct. 2191 (2022). Section 12-1841(A) provides: "In any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional, the attorney general and the speaker of the house of representatives and the president of the senate shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard." Subsection (D) then gives these individuals discretion to intervene and file briefs in such an action. Though Plaintiffs highlight ways in which the language of this provision differs from the North Carolina law at issue in *Berger*, § 12-1841 nonetheless demonstrates Arizona has made a policy decision to vest in its legislative leaders an interest in defending the constitutionality of the legislature's enactments. To be sure, this state policy does not supersede Rule 24(a)'s requirements, which is why this Court has previously denied intervention where, for example, the state legislative leaders' interests were adequately represented by other parties. *See Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020); *Miracle v. Hobbs*, 333 F.R.D. 151, 155 (D. Ariz. 2019). But in this case, there is no dispute that all other Rule 24(a) factors are satisfied. If Putative Intervenors are not permitted to intervene, the challenged laws will go undefended, which "risk[s] turning a deaf ear to the voices the State has deemed crucial to understanding the full range of its interests." *Berger*, 142 S.Ct. at 2201.

To avoid this result, Plaintiffs argue § 12-1841 is inapplicable for two reasons. First, they contend this section at least arguably applies only in state court. But nothing in the language of § 12-1841 imposes such a limitation. To the contrary, § 12-1841(A) says it applies "in *any* proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional[.]" (Emphasis added.) Any means any.

Second, Plaintiffs argue intervention in cases challenging the constitutionality of the laws at issue in this case is governed by a separate provision. Namely, the senate bill which enacted the challenged laws contains a provision authorizing "[t]he Legislature, by concurrent resolution, [to] appoint one or more of its members who sponsored or cosponsored this act in the member's official capacity to intervene as a matter of right in any case in which the constitutionality of this act is challenged." S.B. 1457 § 16, 55th Leg., 1st Reg. Sess. (Ariz. 2021). Plaintiffs argue that, as the later enacted and more specific provision, § 16 governs to the exclusion of § 12-1841(D), and Putative Intervenors do not satisfy § 16's prerequisites to intervention because they have not been appointed by concurrent resolution to intervene, and Speaker Toma is ineligible for such an appointment because he did not sponsor or cosponsor S.B. 1457.

The Court agrees Putative Intervenors do not satisfy the prerequisites to intervention under § 16 but disagrees that § 16 governs to the exclusion of § 12-1841(D). Canons of statutory construction provide when two statutes conflict, specific or recent statutes can govern over more general or older statutes. *United States v. Hernandez-Garcia*, 44 F.4th 1157, 1164 (9th Cir. 2022). But there is no conflict between § 16 and § 12-1841(D). The latter statute authorizes intervention only by the attorney general, the senate president, and the house speaker, and applies in any proceeding where the constitutionality of any state law is challenged. The former permits a different slate of legislators—sponsors and cosponsors—to intervene, and only under more limited circumstances; the proceeding has to pertain to S.B. 1457 and the sponsors or cosponsors have to be appointed by the legislature via concurrent resolution. Though the senate president and house speaker might sometimes also be sponsors and cosponsors of legislation, they are not always so, as this case demonstrates. Instead of an irreconcilable conflict, the interplay between § 16 and § 12-1841(D) is more like a Venn diagram with some narrow overlap.

In sum, the Court finds Putative Intervenors' motion is timely, § 12-1841 confers upon them a significantly protectable interest in the validity and enforcement of the challenged laws, disposition of this action would impair the ability of Putative Intervenors

to protect that interest, and their interest no longer is adequately represented by the existing parties because Attorney General Mayes has notified this Court that she does not intend to defend the challenged laws. Accordingly,

**IT IS ORDERED** that Putative Intervenors' motion to intervene (Doc. 155) is **GRANTED**.

Dated this 8th day of March, 2023.

Douglas L. Rayes
United States District Judge