Jared G. Keenan (027068)
American Civil Liberties Union
Foundation of Arizona
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
jkeenan@acluaz.org
*Counsel for Plaintiffs*

Jessica Leah Sklarsky, *pro hac vice*
Gail Deady, *pro hac vice*
Catherine Coquillette, *pro hac vice*
Center For Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
jsklarsky@reprorights.org
gdeady@reprorights.org
ccoquillette@reprorights.org
*Counsel for Paul A. Isaacson, M.D.,
National Council of Jewish Women
(Arizona Section), Inc. and Arizona
National Organization for Women*

COUNSEL CONTINUED
ON NEXT PAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul A. Isaacson, M.D., on behalf of himself and his patients, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Kristin K. Mayes, Attorney General of Arizona, in her official capacity; et al., <br><br> Defendants. | Case No. 2:21-CV-1417-DLR <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF PURSUANT TO COURT'S ORDER (Doc. 183)** |

| | |
|---|---|
| Jen Samantha D. Rasay, *pro hac vice*<br>Center For Reproductive Rights<br>1634 Eye Street, NW, Suite 600<br>Washington, DC  20006<br>Telephone: (202) 628-0286<br>jrasay@reprorights.org<br><br>Beth Wilkinson, *pro hac vice*<br>Anastasia Pastan, *pro hac vice*<br>Wilkinson Stekloff LLP<br>2001 M Street, NW<br>10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>bwilkinson@wilkinsonstekloff.com<br>apastan@wilkinsonstekloff.com<br><br>Ralia Polechronis, *pro hac vice*<br>Wilkinson Stekloff LLP<br>130 West 42nd Street 24th Floor<br>New York, NY 10036<br>Telephone: (212) 294-9410<br>rpolechronis@wilkinsonstekloff.com<br>*Counsel for Paul A. Isaacson, M.D.,*<br>*National Council of Jewish Women*<br>*(Arizona Section), Inc. and Arizona*<br>*National Organization for Women* | Alexa Kolbi-Molinas, *pro hac vice*<br>Rebecca Chan, *pro hac vice*<br>Ryan Mendías, *pro hac vice*<br>Lindsey Kaley, *pro hac vice*<br>American Civil Liberties Union<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: (212) 549-2633<br>akolbi-molinas@aclu.org<br>rebeccac@aclu.org<br>rmendias@aclu.org<br>lkaley@aclu.org<br>*Counsel for Eric M. Reuss, M.D.,  M.P.H.,*<br>*and Arizona Medical Association* |

Ever since the U.S. Supreme Court upended decades of precedent in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), ongoing litigation concerning multiple different laws in Arizona has left the future of abortion care in the state unresolved. Most recently, the Arizona Supreme Court's decision in *Planned Parenthood Arizona, Inc. v. Mayes*, No. CV-23-0005-PR, 2024 WL 1517392 (Ariz. Apr. 9, 2024) ("*PPAZ 2024*"), vacating the Court of Appeals' stay against enforcement of A.R.S. § 13-3603 (the "1864 Ban"), has deepened the uncertainty regarding the future of abortion in Arizona. However, the mandate in that decision has not yet issued, and the 1864 Ban is subject to a further non-enforcement agreement entered into by Attorney General Brnovich on behalf of the State in separate litigation—also challenging the 1864 Ban— that is still pending. *See* Order, *Isaacson v. State*, No. CV2022-013091 (Ariz. Super. Ct. Oct. 25, 2022). Accordingly, abortion care is still available in Arizona, and it is unknown whether that will change over the next several weeks, months, or even longer.

Immediately following *PPAZ 2024*, this Court ordered supplemental briefing on the decision's impact on this litigation and, in particular, on Plaintiffs' pending request for preliminary injunctive relief. Order (Doc. 183). Plaintiffs submit this brief in response to this request.

As set forth further below, *PPAZ 2024* has no impact—nor could it ever—on Plaintiffs' challenge to and preliminary injunction of the Interpretation Policy. Moreover, *PPAZ 2024* has yet to—and may never—impact Plaintiffs' challenge to and request for preliminary injunctive relief from the Reason Scheme. Accordingly, Plaintiffs respectfully urge this Court to grant preliminary injunctive relief from the Reason Scheme now.

**I.   *PPAZ 2024* Cannot Impact Plaintiffs' Challenge to or Preliminary Injunction of the Interpretation Policy.**

Plaintiffs challenge the Interpretation Policy as unconstitutionally vague on its face. Compl. ¶¶ 130–34. As Plaintiffs have highlighted, the Interpretation Policy's mandate for all Arizona Revised Statutes to "be interpreted and construed to acknowledge, on behalf of

an unborn child at every stage of development,[1] all rights, privileges and immunities available to other persons, citizens and residents of this state," A.R.S. § 1-219(A), is hopelessly ambiguous, but could be interpreted to criminalize large swaths of otherwise lawful reproductive healthcare, including but not limited to abortion care, through its application to various statutes that criminalize harm to "persons" or "children" in Arizona. *See* Prelim. Inj. Mot. at 18 (Doc. 10); Emergency Prelim. Inj. Mot. at 11 (Doc. 107) (referencing, for example, A.R.S. §§ 13-1204 (aggravated assault), 13-1203 (assault), 13-1201 (reckless endangerment), 13-3612(1) & 13-3613 (contributing to delinquency of a child), 13-3619 (child endangerment), and 13-3623 (child abuse)).

After *Dobbs*, the Court granted Plaintiffs' emergency request to preliminarily enjoin Defendants from enforcing the Interpretation Policy "as applied to abortion care that is otherwise permissible under Arizona law." Emergency Prelim. Inj. Order at 17 (Doc. 121). The Court held that the Interpretation Policy is "intolerably vague," *id.* at 10, and, importantly, reached this conclusion "[r]egardless of how [the] dust settles" with respect to the enforceability of Arizona's various abortion bans, including the 1864 Ban, because "even under the strictest of Arizona's potential abortion regimes, some abortions would remain lawful" that the Interpretation Policy could, without notice and arbitrarily, render unlawful. *Id.* at 12.

The same is true today. The Interpretation Policy is still hopelessly vague both on its face and as applied to lawful abortion care in Arizona. Thus, even if the 1864 Ban does ultimately become enforceable—which it has not yet—that will not be dispositive of Plaintiffs' vagueness challenge to the Interpretation Policy.

**II.** ***PPAZ 2024* Has Yet To, and May Never, Impact Plaintiffs' Challenge to and Request for Preliminary Injunctive Relief from the Reason Scheme.**

After *Dobbs*, Plaintiffs filed a renewed motion seeking a preliminary injunction of the Reason Scheme solely on vagueness grounds. Renewed Prelim. Inj. Mot. (Doc. 125) (the "Renewed Motion"). In September 2022, almost immediately after the 1864 Ban

---

[1] The Interpretation Policy defines "unborn child" as "the offspring of human beings from conception until birth." A.R.S. § 1-219(C) (incorporating A.R.S. § 36-2151(16)).

2

became enforceable for the first time in 50 years, *see Planned Parenthood Ctr. of Tucson, Inc., et al. v. Brnovich et al.*, No. C127867, 2022 WL 4487408 (Ariz. Super. Ct. Sept. 23, 2022) ("*PPAZ 2022*"), this Court similarly requested the parties to submit supplemental briefing regarding the impact on the Renewed Motion, and specifically requested the parties to brief "whether Plaintiffs will be irreparably harmed in the absence of a preliminary injunction." Order (Doc. 130). Plaintiffs explained in supplemental briefing that the status of abortion care was likely to ping-pong back and forth several times over the course of the ensuing litigation over the 1864 Ban; and that the only way to prevent irreparable harm from the Reason Scheme while abortion remained legal under other laws was to preliminarily enjoin the Scheme. Suppl. Br. at 2 (Doc. 131). As Plaintiffs predicted, within two weeks, the Court of Appeals stayed enforcement of the 1864 Ban and abortion care resumed in Arizona. Order, *Planned Parenthood Ariz., Inc. v. Brnovich*, 2 CA-CV 2022-0116 (Ariz. Ct. App. Oct. 7, 2022).

While *PPAZ 2024* has once again generated uncertainty about the enforceability of the 1864 Ban in Arizona, Plaintiffs remain in much the same position as fall 2022: The 1864 Ban has yet to become enforceable, and due to ongoing litigation may not become enforceable for some time (if ever) and thus the Reason Scheme continues to inflict irreparable harm—necessitating injunctive relief now.

      **A.**     **Abortion Care Continues in Arizona Today.**

As noted above, the 1864 Ban remains unenforceable today and will remain unenforceable for at least 45 days following the issuance of the mandate in *PPAZ 2024*. In *Isaacson v. State*—another case challenging the enforceability of the 1864 Ban—the Maricopa County Superior Court granted the parties' stipulation that "the State will not enforce in any manner against any person [the 1864 Ban] until 45 days after issuance of the final mandate in" *PPAZ 2024*, and agreed to stay the litigation pending resolution of litigation surrounding *PPAZ 2022*. Order at 2, *Isaacson v. State*, No. CV2022-013091 (Ariz. Super. Ct. Oct. 25, 2022). The ordered stipulation prohibits retroactive enforcement, specifying that "regardless of the outcome, the State will not prosecute any person under

3

[the 1864 Ban] for conduct during the enforcement moratorium period established above." *Id.* As a result, providers continue to offer abortion care today—irrespective of the 1864 Ban—and will continue to do so for at least some time. *See, e.g.*, Stephanie Innes, *Women Can Now Get Abortions in Flagstaff Despite Looming Statewide Ban*, Ariz. Republic (Apr. 17, 2024), https://tinyurl.com/mrysuvjz.

### B. The Ultimate Enforceability of the 1864 Ban Remains Unsettled.

Today, the ultimate constitutionality and enforceability of the 1864 Ban remains entirely unsettled—and that dynamic is likely to remain for some time. *PPAZ 2024*, litigated in the context of an Ariz. R. Civ. P. 60(b) motion, only considered limited questions of statutory construction. As the Arizona Supreme Court itself anticipates in *PPAZ 2024*, the 1864 Ban may very well be the subject of continued constitutional challenges before the trial court in that very case. 2024 WL 1517392, at *14.[2] Further, that is not the only ongoing challenge to the 1864 Ban, and others could be filed as well. *See Isaacson v. State*, No. CV2022-013091 (Ariz. Super. Ct.). In short, Plaintiffs are still providing abortion care, the constitutionality and enforceability of the 1864 Ban is still unsettled and subject to ongoing litigation, and—even as the status of legal abortion in Arizona may continue to shift much as it did in fall 2022—the final word on abortion in Arizona has yet to be written.[3] *See, e.g.*, Suppl. Br. at 1–2.

---

[2] It also remains unclear if *PPAZ 2024* is even the final word on questions of statutory construction because the time to file a motion for reconsideration has yet to run. *See* Ariz. R. Civ. App. P. 22.

[3] Notwithstanding these legal challenges, it also bears mentioning that Arizonans are pursuing several political means to ensure access to abortion care. In the legislature, there have already been multiple votes on the repeal of the 1864 Ban. Mary Jo Pitzl et al., *Repeal of Arizona's Abortion Bill Will Dominate Legislature for Weeks*, Ariz. Republic (Apr. 18, 2024), https://tinyurl.com/3vnnj676. In the fall, Arizonans are also likely to vote on a state constitutional amendment protecting access to abortion care until viability. Leah Britton, *Abortion Rights Advocates Continue to Rally Behind Initiative to Amend the AZ Constitution*, Ariz. Mirror (Apr. 17, 2024), https://tinyurl.com/2utuzsrs. Either of these political courses could likewise render *PPAZ 2024* irrelevant to Plaintiffs' challenge and request for preliminary injunctive relief from the Reason Scheme.

4

**C.   Plaintiffs Remain Entitled to a Preliminary Injunction of the Reason Scheme.**

"The purpose of a preliminary injunction is to preserve the status quo in order to avoid harm while litigation is pending." *See* Emergency Prelim. Inj. Order at 4 (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). And because abortion care remains available in Arizona today, the Reason Scheme is causing Plaintiffs irreparable harm now. Accordingly, an injunction of the Reason Scheme remains not only appropriate, but urgent.

Indeed, offering genetic screening and testing, genetic counseling and options counseling, and abortion care to pregnant patients is standard medical practice, but this law dangerously intrudes on this care by threatening doctors with extreme criminal penalties using vague and imprecise terms at the expense of the physician-patient relationship, quality medical care, and physicians' due process rights—to say nothing of patient autonomy. *See* Renewed Mot. at 15–17; Reply Supp. Renewed Mot. at 10 (Doc. 129); Suppl. Br. at 2–4. Even if abortion care temporarily ceases during ongoing litigation over the coming months, so long as there is a likelihood that abortion care will resume, there is a sufficient likelihood that these irreparable harms will resume as well, justifying injunctive relief. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable injury").

Moreover, granting preliminary injunctive relief now does not tie this Court's hands forever. Should the status quo of abortion care permanently change in Arizona—whether in 45 days or even after the termination of this action—Defendants would then be free to move this Court to modify or vacate the injunction.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that *PPAZ 2024* cannot impact Plaintiffs' challenge or preliminary injunction of the Interpretation Policy; that it would be premature to assign any impact to Plaintiffs' challenge to the Reason Scheme; and urge the Court to preliminarily enjoin the Reason Scheme to curb the irreparable harm that Plaintiffs and their patients endure under it now.

Respectfully submitted this 23rd day of April, 2024.

By: <u>*/s/ Jessica Leah Sklarsky*</u>

Jessica Leah Sklarsky, *pro hac vice*
Gail Deady, *pro hac vice*
Catherine Coquillette, *pro hac vice*
Center For Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
jsklarsky@reprorights.org
gdeady@reprorights.org
ccoquillette@reprorights.org
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Jen Samantha D. Rasay, *pro hac vice*
Center For Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC  20006
Telephone: (202) 628-0286
jrasay@reprorights.org
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Jared G. Keenan (027068)
American Civil Liberties Union Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone (602) 650-1854
jkeenan@acluaz.org
*Counsel for Plaintiffs*

COUNSEL CONTINUED ON NEXT PAGE

Alexa Kolbi-Molinas, *pro hac vice*
Rebecca Chan, *pro hac vice*
Ryan Mendías, *pro hac vice*
Lindsey Kaley, *pro hac vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
akolbi-molinas@aclu.org
rebeccac@aclu.org
rmendias@aclu.org
lkaley@aclu.org
*Counsel for Eric M. Reuss, M.D., M.P.H., and Arizona Medical Association*

Beth Wilkinson, *pro hac vice*
Anastasia Pastan, *pro hac vice*
Wilkinson Stekloff LLP
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonstekloff.com
apastan@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

Ralia Polechronis, *pro hac vice*
Wilkinson Stekloff LLP
130 West 42nd Street
24th Floor
New York, NY 10036
Telephone: (212) 294-9410
rpolechronis@wilkinsonstekloff.com
*Counsel for Paul A. Isaacson, M.D., National Council of Jewish Women (Arizona Section), Inc., and Arizona National Organization for Women*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. All counsel of record are registrants and are therefore served via this filing and transmittal.

*/s/ Jessica Leah Sklarsky*
Jessica Leah Sklarsky