Kevin H. Theriot
AZ Bar No. 030446
Julia C. Payne
AZ Bar No. 038773
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 facsimile
ktheriot@ADFlegal.org
jpayne@ADFlegal.org

*Attorneys for Defendant-Intervenors President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL A. ISAACSON M.D., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRIS MAYES, Attorney General of Arizona, in her official capacity, et al., <br><br> Defendants, <br><br> WARREN PETERSON, President of the Arizona State Senate, in his official capacity; BEN TOMA, Speaker of the Arizona House of Representatives, in his official capacity, <br><br> Defendant-Intervenors. | Case No. 2:21-cv-01417-DLR <br><br> **DEFENDANT-INTERVENORS' SUPPLEMENTAL BRIEF** |

**INTRODUCTION**

On April 9, 2024, the Arizona Supreme Court upheld Arizona's longstanding statute protecting unborn life "unless necessary to save [the] life" of the mother. Ariz. Rev. Stat. § 13-3603; *Planned Parenthood Ariz., Inc. v. Mayes*, No. CV-23-0005-PR, 2024 WL 1517392 (Ariz. Apr. 9, 2024). The court found that a later-enacted Arizona statute, which prohibits abortion after fifteen weeks' gestation, did not repeal section 13-3603. *Planned Parenthood Ariz.*, 2024 WL 1517392, at *6; Ariz. Rev. Stat. § 36-2322. It also held that both statutes, section 13-3603 and section 36-2322, remain enforceable. *Planned Parenthood Ariz.*, 2024 WL 1517392, at *9, *10. Section 13-3603 is currently stayed, and the Arizona Legislature is in session. There are two bills that seek to repeal section 13-3603, but as of today's date, neither of them has been voted on by the House or Senate.

In any event, the Arizona Supreme Court's decision in *Mayes* narrows the scope of this case and the potential relief available to Dr. Isaacson. First, section 13-3603's protection of unborn life except to save the life of the mother effectively renders the Performance and Informed Consent Provisions inoperative. Dr. Isaacson's challenge to those provisions should be dismissed. Second, the Solicitation, Affidavit, and Reporting Provisions will have little effect on Dr. Isaacson now that Arizona law only allows abortion when the mother's life is in danger. Third, *Mayes* cleared up any conceivable ambiguity in the Interpretation Provision so that there is no need for injunctive relief. Given these developments, the extraordinary relief of a facial injunction against the challenged statutes is unwarranted.

# ARGUMENT

## I. The Arizona Supreme Court's decision renders certain portions of the Reason Regulation inoperative.

The Arizona Supreme Court's opinion clarifies that the Reason Regulation, like the 15-week law, neither creates a right to abortion nor overrides Arizona's other pro-life laws. *Planned Parenthood Ariz.*, 2024 WL 1517392, at *6 & n.6. The court explained that provisions of Arizona law "solely applicable to elective abortion under the defunct federal constitutional right arguably may no longer be operative simply for want of purpose; what does not exist cannot be regulated." *Id.* at *9. At least two of the provisions challenged here fall into that category. Arizona law provides that neither the Performance Provision nor the Informed Consent Provision apply in cases of medical emergency. Ariz. Rev. Stat. §§ 13-3603.02(A), 36-2158(A). "Medical emergency" is defined as "a condition that . . . so complicates the medical condition of a pregnant woman as to necessitate the immediate abortion of her pregnancy to avert her death." *Id.* § 36-2151(9). Because only abortions necessary to save a woman's life will be permissible under section 13-3603, the Performance Provision and Informed Consent Provision will be rendered inoperative. Thus, Dr. Isaacson's challenge to the Performance Provision and the Informed Consent Provision is moot and should be dismissed.

Similarly, it is unlikely that the Solicitation Provision will ever apply. That provision prohibits soliciting or accepting money for an abortion "because of a genetic abnormality." Ariz. Rev. Stat. § 13-3603.02(B)(2). The only circumstance in which the Solicitation Provision might apply is to abortions necessary to save the life of the mother; all other abortions will be prohibited. In other words, the Solicitation Provision would not apply to a woman who chooses to have an abortion to save her own life regardless of any genetic abnormality. Because most women seeking an abortion necessary to save their

2

own life likely fit into this category, the Solicitation Provision will have minimal application once section 13-3603 goes into effect. Facial invalidation is impermissible because the law is constitutional in most respects. *See State v. Wein*, 417 P.3d 787, 796 (Ariz. 2018). Regardless, the Solicitation Provision is not vague for the reasons explained in the Legislative Leaders' preliminary injunction brief. Def.-Intervenors' Resp. in Opp'n to Renewed Mot. for Prelim. Inj. 8–14, ECF No. 176 ("PI Opp'n").

The Affidavit Provision and Reporting Provision, on the other hand, will continue to apply alongside section 13-3603. *See* Ariz. Rev. Stat. §§ 36-2157, 36-2161(A)(25). Indeed, the Arizona Supreme Court specifically recognized the continued vitality of the Reporting Provision as to "abortions necessary to save a woman's life." *Planned Parenthood Ariz.*, 2024 WL 1517392, at *10. And because the Affidavit Provision does not have an exception for life-threatening emergencies, it will continue to apply to abortions necessary to save the life of the woman. Thus, the Affidavit Provision will likely continue to require abortion providers to attest that the abortion is not occurring because of a prohibited reason, like genetic abnormality or race. Like the Solicitation Provision, these provisions are not vague for the reasons explained in the Legislative Leaders' preliminary injunction brief. Intervenors' PI Opp'n 8–14. So this Court should deny Dr. Isaacson's renewed motion for a preliminary injunction as to the Solicitation Provision, Affidavit Provision, and Reporting Provision.

**II.   The Arizona Supreme Court eliminated any basis for a facial injunction against the Interpretation Provision.**

Dr. Isaacson's complaint also requested a facial injunction of the Interpretation Provision, Ariz. Rev. Stat. § 1-219. Compl. for Decl. & Inj. Relief 33, ECF No. 1. As this Court has twice held, the Interpretation Provision "is neither a penal statute nor a civil regulatory provision. It is a directive that all other provisions of Arizona law be

3

interpreted in a certain manner." *Isaacson v. Brnovich* (*Isaacson I*), 563 F. Supp. 3d 1024, 1032 (D. Ariz. 2021); *Isaacson v. Brnovich* (*Isaacson III*), 610 F. Supp. 3d 1243, 1251 (D. Ariz. 2022). In *Isaacson I*, this Court declined to issue a facial preliminary injunction against the Interpretation Provision. 563 F. Supp. 3d at 1047.

After the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), Dr. Isaacson renewed his motion for a preliminary injunction against the Interpretation Provision. *Isaacson III*, 563 F. Supp. 3d at 1047. And this Court entered a narrow injunction against the Interpretation Provision "as applied to abortion care that is otherwise permissible under Arizona law." *Id.* at 1257. This Court noted that "the precise legal status of abortion in Arizona is murky" and that "whether or how the Interpretation Policy might be applied is anyone's guess." *Id.* at 1247, 1254 (cleaned up). It then explained that "regardless of how this dust settles, . . . some abortions would remain lawful." *Id.* at 1254, 1256 n.8.

The Arizona Supreme Court's decision clarified the legal status of abortion in Arizona and applied the Interpretation Provision for the first time. The court explained that the Interpretation Provision "establishes the public policy of the state, provides additional interpretive guidance, and belies the notion that the legislature intended to create independent statutory authority for elective abortion." *Planned Parenthood Ariz.*, 2024 WL 1517392, at *7. It added that because this Court's injunction applies only to otherwise legal abortions, it "has no bearing on th[e Arizona Supreme] Court's authority to consider § 1-219(A) in interpreting the statutes before [it] or to determine whether abortion is permissible under Arizona law." *Id.* at *7 n.7. The court then held that the Interpretation Provision "demonstrat[es] the consistency, gravity, and clarity of the

4

legislature's intent not to independently grant a right or authorize access to abortion." *Id.* at *7.

Thus, the dust has settled, and abortion is lawful in Arizona only when necessary to save the life of the mother. Ariz. Rev. Stat. § 13-3603. The Arizona Supreme Court's decision clarifies the proper role of the Interpretation Provision as an aid to interpret other provisions of Arizona law, not a substantive prohibition of abortion. So this Court's preliminary injunction of the Interpretation Provision is unnecessary and should be vacated. Regardless, under the preliminary injunction, the Interpretation Provision may not be applied to abortions necessary to save the life of the mother. *Isaacson III*, 610 F. Supp. 3d at 1257. Therefore, a facial injunction is unnecessary because the current injunction "alleviate[s] the harm in those circumstances in which abortion care is otherwise legal." *Id.* at 1256 n.8.

**CONCLUSION**

The Arizona Supreme Court's recent decision in *Planned Parenthood v. Mayes* narrows the scope of this case and the relief available to Dr. Isaacson. This Court should dismiss as moot Dr. Isaacson's challenge to the Performance Provision, Ariz. Rev. Stat. § 13-3603.02(A)(2), and the Informed Consent Provision, *id.* § 36-2158(A)(2)(d), because those provisions are inoperative. Because the remaining provisions of the Reason Regulation are not vague, this Court should deny Dr. Isaacson's motion for a preliminary injunction as to the Solicitation Provision, *id.* § 13-3603.02(B)(2), the Affidavit Provision, *id.* § 36-2157, and the Reporting Provision, *id.* § 36-2161(A)(25). It should also deny any request for facial injunctive relief as to the Interpretation Provision, *id.* § 1-219, because no such relief is necessary.

Respectfully submitted this 23rd day of April, 2024.

*s/ Kevin H. Theriot*
Kevin H. Theriot
AZ Bar No. 030446
Julia C. Payne
AZ Bar No. 038773
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 facsimile
ktheriot@ADFlegal.org
jpayne@ADFlegal.org

*Attorneys for Defendant-Intervenors President Petersen and Speaker Toma*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2024, I electronically filed this paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

<u>s/Kevin H. Theriot</u>
Kevin H. Theriot