Kevin H. Theriot
AZ Bar No. 030446
Julia C. Payne
AZ Bar No. 038773
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 facsimile
ktheriot@ADFlegal.org
jpayne@ADFlegal.org

*Attorneys for Defendant-Intervenors President Petersen and Speaker Toma*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL A. ISAACSON. M.D., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRIS MAYES, Attorney General of Arizona, in her official capacity, et al., <br><br> Defendants, <br><br> WARREN PETERSEN, President of the Arizona State Senate, in his official capacity; BEN TOMA, Speaker of the Arizona House of Representatives, in his official capacity, <br><br> Intervenor-Defendants. | Case No. 2:21-cv-01417-DLR <br><br> **DEFENDANT-INTERVENORS' SUPPLEMENTAL BRIEFING** |

# TABLE OF CONTENTS

Table of Authorities .................................................................................................................ii

Introduction............................................................................................................................ 1

Argument................................................................................................................................ 1

I.    *Pennhurst* prevents this Court from enjoining the Interpretation Provision or the Reason Regulation under the Arizona Constitution. .............................. 1

II.    Intervenors are entitled to final judgment on both the Interpretation Provision and the Reason Regulation............................................................... 3

Conclusion ............................................................................................................................. 4

Certificate of Service ............................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*In re Riggins,*
  544 P.3d 64 (Ariz. 2024) ............................................................................................. 2

*Pennhurst State School & Hospital v. Halderman,*
  465 U.S. 89 (1984) ...................................................................................................... 2

*Planned Parenthood of Arizona v. Mayes,*
  545 P.3d 892 (Ariz. 2024) ........................................................................................... 3

*Vasquez v. Rackauckas,*
  734 F.3d 1025 (9th Cir. 2013) .................................................................................... 2

**Statutes**

Ariz. Const. Art. 2 § 8.1 (2024) ........................................................................................ 1

Ariz. Rev. Stat. Ann. § 13-3603.02 (2021) ................................................................. 3, 4

Ariz. Rev. Stat. Ann. § 19-123 (2021) ............................................................................ 2

# INTRODUCTION

The new state constitutional amendment is irrelevant to Plaintiffs' federal constitutional claims. This case is a federal lawsuit before a federal judge alleging federal constitutional claims. *Pennhurst* bars federal courts from requiring state officials to follow state law. No further discovery is necessary, and this case is suitable for a final determination on the existing record.

# BACKGROUND

In November 2024, the citizens of Arizona approved a new constitutional amendment creating "a fundamental right to abortion." Ariz. Const. Art. 2 § 8.1. It declares that "the state shall not enact, adopt or enforce any law, regulation, policy or practice that … [d]enies, restricts or interferes with that right before fetal viability unless justified by a compelling state interest that is achieved by the least restrictive means." *Id.* A "[c]ompelling state interest" is defined as "a law, regulation, policy or practice that … [i]s enacted or adopted for the limited purpose of improving or maintaining the health of an individual seeking abortion care, consistent with accepted clinical standards of practice and evidence-based medicine" and "[d]oes not infringe on that individual's autonomous decision making." *Id.* § 8.1(B).

# ARGUMENT

**I.   *Pennhurst* prevents this Court from enjoining the Interpretation Provision or the Reason Regulation under the Arizona Constitution.**

Plaintiffs have two remaining claims: a vagueness challenge to the Reason Regulation, Compl. ¶¶ 122–26, and a vagueness challenge to the Interpretation Provision, *id.* ¶¶ 130–34. Both are federal claims under the Due Process Clause of the Fourteenth Amendment. *Id.* ¶¶ 126, 134. Arizona's state constitutional amendment protecting abortion doesn't affect the federal vagueness claims. And the amendment doesn't prohibit enforcing the challenged laws unless and until a state

1

1 court determines that there is no "compelling state interest" for the laws. Indeed, 2 the amendment doesn't repeal any Arizona abortion laws, all of which remained in 3 effect after the passage of the amendment.

4 A recent Arizona Supreme Court case confirmed that "[t]he doctrine of repeal 5 by implication is disfavored in Arizona." *In re Riggins*, 544 P.3d 64, 69 (Ariz. 2024). 6 In that case, the Arizona Supreme Court considered whether a ballot initiative 7 "that purported to constrain 'predatory debt collection' by amending several existing 8 Arizona statutes" repealed a recent amendment to Arizona law "govern[ing] the 9 exemptions a debtor may claim over certain types of money assets." *Id.* at 66. The 10 ballot initiative did not mention the new amendment, even though "Arizona law 11 provides that the text of proposed initiatives 'shall indicate material deleted, if 12 any.'" *Id.* (quoting Ariz. Rev. Stat. Ann. § 19-123(A)(1)). The court explained that 13 "[w]here Arizona statutes require ballot materials to affirmatively notify voters of a 14 proposed express repeal by strikethrough text, [the court was] reticent to conclude 15 that an express repeal can be accomplished in any other manner." *Id.* at 67. 16 Applying principles of statutory construction, the court held that the ballot 17 initiative did not impliedly repeal the amendment. *Id.* at 70. Similarly, nothing in 18 the right to abortion amendment states or implies that it repeals the laws 19 challenged here.

20 Plaintiffs cannot use the state constitutional amendment to challenge the 21 statutes in this case because a federal court may not "instruct[] state officials on 22 how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v.* 23 *Halderman*, 465 U.S. 89, 106 (1984). Consequently, "Plaintiffs cannot seek 24 injunctive relief in federal court against [a state official] for alleged violations of the 25 [state] Constitution." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1041 (9th Cir. 2013).

26

27

Plaintiffs would instead need to file a separate challenge against state officials in state court. The Arizona constitutional amendment thus does not affect this case.[1]

## II. Intervenors are entitled to final judgment on both the Interpretation Provision and the Reason Regulation.

Because neither the Interpretation Provision nor the Reason Regulation is unconstitutionally vague, Intervenors are entitled to summary judgment on both provisions.

*First*, the Interpretation Provision "establishes the public policy of the state" and "provides additional interpretive guidance" for courts interpreting Arizona's abortion statutes. *Planned Parenthood of Ariz. v. Mayes*, 545 P.3d 892, 901 (Ariz. 2024). *Mayes* clarified that the Interpretation Provision is an aid to interpret other provisions of Arizona law, not a substantive regulation of abortion. *See* ECF No. 186, Def.-Intervenors' Supplemental Br. 3–5. The court held that the Interpretation Provision "demonstrate[es] the consistency, gravity, and clarity of the legislature's intent not to independently grant a right or authorize access to abortion." *Planned Parenthood of Ariz.*, 545 P.3d at 901. So any alleged vagueness of the Interpretation Provision no longer exists, and Intervenors are entitled to final judgment on that claim.

*Second*, the Reason Regulation is not vague because it provides fair notice of prohibited conduct and ascertainable standards for determining what violates the statute. ECF No. 176, Def.-Intevenors' Resp. in Opp'n to Renewed Mot. for Prelim. Inj. 4–14. The Reason Regulation explicitly defines the prohibited medical procedure: an "abortion … sought solely because of a genetic abnormality." Ariz. Rev. Stat. Ann. § 13-3603.02(A)(2). In turn, "genetic abnormality" is defined as "the

---

[1] In their April 23, 2024, supplemental brief, Intervenors argued that some portions of the Reason Regulation would become moot if Ariz. Rev. Stat. section 13-3603 went into effect. ECF No. 186, Def.-Intervenors' Supplemental Br. 2–3. Because Section 13-3603 was repealed before it went into effect, this case is not moot.

3

1 presence or presumed presence of an abnormal gene expression in an unborn child,
2 including a chromosomal disorder or morphological malformation occurring as the
3 result of abnormal gene expression." *Id.* §13-3603.02(G)(2)(a). And as this Court
4 recognized, "Plaintiffs have identified no instances of arbitrary enforcement." ECF
5 No. 52, Prelim. Inj. Order 16 n.10. Therefore, the Reason Regulation is not vague,
6 and Intervenors are entitled to final judgment on that claim.

## CONCLUSION

Because the Arizona constitutional amendment is irrelevant to Plaintiffs' federal claims and because no further discovery is necessary, Intervenors are entitled to final judgment on both the Interpretation Provision and the Reason Regulation.

Respectfully submitted this 14th day of April, 2025.

*s/Kevin Theriot*
Kevin H. Theriot
AZ Bar No. 030446
Julia C. Payne
AZ Bar No. 038773
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 facsimile
ktheriot@ADFlegal.org
jpayne@ADFlegal.org

*Attorneys for Defendant-Intervenors President Petersen and Speaker Toma*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, I electronically filed this paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

<u>*s/ Kevin Theriot*</u><br>Kevin H. Theriot